# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00007-CR
## NO. 03-01-00008-CR

**Christopher Lee Duvall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NOS. 50,988 & 50,989, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Christopher Lee Duvall pleaded guilty to aggravated kidnapping and aggravated assault. *See* Tex. Pen. Code Ann. §§ 20.04, 22.02 (West 1994 & Supp. 2001). After accepting the pleas and receiving evidence relevant to punishment, the district court adjudged appellant guilty of both offenses and sentenced him to imprisonment for twelve years in both causes. Appellant now urges that these convictions violate the constitutional guarantee against double jeopardy, that the court considered improper evidence in assessing punishment, and that his trial counsel was ineffective. We will overrule these contentions and affirm.

Appellant, a seventeen-year-old high school student at the time of the offenses, dated the complainant for about one year. On the night in question, appellant called the complainant and asked her to come to his house to talk. She agreed to do so. When the complainant arrived, appellant took her to his room, locked the door, and turned up the volume on his radio. Appellant,

enraged because the complainant had been friendly with another boy, pushed the complainant's face with the palm of his hand with sufficient force to break her nose. The complainant fell onto appellant's bed, where appellant straddled her and held a knife to her throat. He also burned her arm and stomach with a cigarette lighter, and choked her until she became dizzy. Appellant placed a paint ball pistol in the complainant's mouth and "acted like he was going to shoot it." When the complainant attempted to flee, appellant seized her and began to beat her with a leather belt. The complainant testified, "And then he told me it wasn't hurting bad enough because he wasn't using the metal part so then he started using the buckle and started hitting me like on my arms and on my legs." By this time, the complainant was on the floor, where appellant kicked her and struck her with his fists. Appellant finally permitted the complainant to leave his room and he walked her outside. There, he struck her three more times, causing her to fall to the ground.

The entire episode lasted just under an hour. Appellant's parents were at home while appellant assaulted the complainant in his room. Appellant's father twice came to the door and said "to be quiet, we needed to quit arguing. And [appellant] told him to go away so he did."

The aggravated kidnapping indictment alleged that appellant

> intentionally and knowingly and with the intent to prevent the liberation of [the complainant] restrain[ed] [the complainant] without the consent of the said [complainant] by using and threatening to use deadly force on [the complainant] and the said Christopher Lee Duvall intentionally and knowingly abducted the said [complainant] with the intent to inflict bodily injury on [the complainant] and to terrorize the said [complainant].

2

*Id.* § 20.04(a)(4), (5) (West Supp. 2001).[1] The aggravated assault indictment alleged that appellant

> intentionally and knowingly use[d] a deadly weapon, to-wit: a knife, and did then and there intentionally and knowingly threaten [the complainant] with imminent bodily injury by the use of said deadly weapon.

*Id.* § 22.02(a)(2) (West 1994);[2] *see also id.* § 22.01(a)(2) (West Supp. 2001) (assault).[3]

Appellant contends his conviction for both of these offenses violated his rights under the Double Jeopardy Clause. U.S. Const. amend. V.[4] The State counters that the double jeopardy issue was not preserved for review.

Appellant did not object to being tried on both indictments or otherwise assert his double jeopardy claim prior to conviction and sentencing. Appellant alleged double jeopardy in one of his motions for new trial, but did not pursue the issue at the hearing on the motion. While appellant mentioned double jeopardy during his argument to the court at the new trial hearing, he did so only in the context of his ineffective assistance claim. The question presented is whether appellant can now raise his double jeopardy contention on appeal.

---

[1] "A person commits an offense if he intentionally or knowingly abducts another person with the intent to . . . inflict bodily injury on him . . . [or] terrorize him or a third person." Tex. Pen. Code Ann. § 20.04(a)(4), (5) (West Supp. 2001). Throughout his brief, appellant mistakenly assumes that he was indicted pursuant to section 20.04(b) (abduction accompanied by use or exhibit of a deadly weapon). *Id.* § 20.04(b).

[2] "A person commits an offense if the person commits assault . . . and the person . . . uses or exhibits a deadly weapon during the commission of the assault." Tex. Pen. Code Ann. § 22.02(a)(2) (West 1994).

[3] "A person commits an offense if the person . . . intentionally or knowingly threatens another with imminent bodily injury." Tex. Pen. Code Ann. § 22.01(a)(2) (West Supp. 2001).

[4] Appellant does not assert a claim under the Texas Constitution. *See* Tex. Const. art. I, § 14.

"[B]ecause of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Under *Gonzalez*, the critical question is not whether the defendant raised the double jeopardy issue in the trial court, but whether the record before the appellate court clearly reflects a double jeopardy violation. If a double jeopardy violation is clearly apparent, the defendant will prevail on appeal; if a double jeopardy violation is not apparent, the defendant's claim fails on the merits regardless of whether he objected at trial. In other words, raising the issue in the trial court is important insofar as it is necessary to make a clear record on which to base a double jeopardy claim on appeal. *See id.* at 645-46. Applying *Gonzales*, we now determine whether a double jeopardy violation is clearly apparent on the face of the record.

The Fifth Amendment guarantee against double jeopardy protects against a second prosecution for the same offense following conviction, against a second prosecution for the same offense following acquittal, and against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991). When a defendant is convicted of two or more crimes in a single trial, only the third of these protections is implicated. *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). The double jeopardy guarantee against multiple punishments for the same offense does no more than prevent greater punishment than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992).

4

When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Hutchins v. State*, 992 S.W.2d 629, 631 (Tex. App.—Austin 1999, pet. ref'd, untimely filed). Absent a clear indication of contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple punishments for two offenses that are the same under the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980); *Hutchins*, 992 S.W.2d at 631.

An element of any aggravated kidnapping is the abduction of another. Pen. Code § 20.04(a), (b). Abduction is not an element of aggravated assault. Pen. Code §§ 22.01(a), .02(a). In order to prove the aggravated assault alleged here, the State was required to prove that appellant used or exhibited a deadly weapon. Pen. Code § 22.02(a)(2).[5] The use or exhibit of a deadly weapon was not an element of aggravated kidnapping as alleged here. Pen. Code § 22.04(a).[6] Thus, the offenses for which appellant was tried and convicted each had a unique element and were not the "same offense" under *Blockburger*.

Even when two penal statutes have unique elements, and are therefore not the same under *Blockburger*, other factors may lead to the conclusion that the legislature did not intend to permit multiple punishments when the same conduct violates both statutes. *Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999). Among the relevant considerations enumerated in *Ervin*,

---

[5] See footnote 2, *supra*.

[6] See footnote 1, *supra*.

only one applies to the offenses before us: both are second-degree felonies. Tex. Pen. Code Ann. §§ 20.04(d), 22.02(b) (West 1994 & Supp. 2001). But aggravated kidnapping and aggravated assault are not contained within the same statute, are not phrased in the alternative, and are not named similarly. The two offenses do not have a common focus: the focus of kidnapping is abduction, while the focus of assault is injury or the threat of injury. Finally, appellant does not assert "an imputed theory of liability which would result in the offenses being considered the same," or refer us to legislative history articulating an intent to treat the offenses as the same for double jeopardy purposes. *Ervin*, 991 S.W.2d at 814. In summary, we are not persuaded that the legislature intended to prohibit multiple punishments under the circumstances shown here.

Appellant argues that the aggravated assault was a lesser included offense of the aggravated kidnapping. *See Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) (lesser included and greater inclusive offenses are same for double jeopardy purposes). This argument is based on the erroneous premise that it was necessary for the State to prove the aggravated assault in order to prove the aggravated kidnapping. In addition to assaulting the complainant with a knife as alleged in the aggravated assault indictment, appellant was also shown to have choked the complainant, beaten her with a leather belt, kicked her, and struck her with his fists. Any of the latter acts was sufficient to threaten deadly force as alleged in the aggravated kidnapping indictment.[7]

---

[7] The use or threatened use of deadly force is part of the culpable mental state of kidnapping. *Mason v. State*, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995) (citing *Brimage v. State*, 918 S.W.2d 466, 475-76 (Tex. Crim. App. 1996)). In the indictment here, however, the State alleged the use or threatened use of deadly force as if it were a part of the forbidden conduct.

Thus, contrary to appellant's argument, his use of a knife as a deadly weapon was not necessarily a common element of both offenses.

Appellant did not timely raise his double jeopardy claim in the district court. A double jeopardy violation is not clearly reflected on the face of the record before us. For these reasons, point of error three is overruled.

Appellant's remaining points of error relate to the district court's consideration of a presentence investigation report in assessing punishment. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West Supp. 2001). This report, which was introduced in evidence at the motion for new trial hearing, included a victim impact statement. Among other things, this statement contained a paragraph summarizing the views of the complainant's mother. She asked the court not to trust appellant. She said appellant was "a manipulator" who bragged that he always got out of trouble, and opined that "it is time the defendant finally be held responsible for something." She said that appellant "is very cold and calculating," that he "has the mind set of a serial killer," and that "everything [appellant] did to the victim was very carefully planned." She asked the court to send appellant to prison, "as she believes that he will continue to be abusive to women if he still has contact with them."

A second paragraph in the victim impact statement summarized the views of the complainant's stepfather. He called what appellant did to the complainant "torture" and "attempted murder." He asked the court "to consider prison as punishment for the defendant and to not allow him the privilege of being placed on community supervision."

7

Appellant contends the district court's consideration of these statements in the presentence investigation report denied him his constitutional right of confrontation and was fundamental error. *See* U.S. Const. amend. VI. Appellant did not object to this portion of the presentence report, nor did he object to the district court's consideration of these matters during sentencing. His contention that his confrontation right was violated was not preserved for review. *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (alleged denial of confrontation was not fundamental, and was waived by failure to object); *Gerhardt v. State*, 935 S.W.2d 192, 196 (Tex. App.—Beaumont 1996, no pet.). Point two is overruled.

Finally, appellant urges that his trial attorney did not render effective assistance by failing to voice any objection to those portions of the presentence report discussed above. We measure claims of ineffective assistance of counsel against the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The *Strickland* standard requires the defendant to show both that his counsel made serious errors and that those errors caused serious harm. 466 U.S. at 687. For the purpose of this opinion, we will assume without deciding that it was error for the district court to consider the statements by the complainant's mother and stepfather before assessing punishment. *But see Fryer v. State*, 993 S.W.2d 385, 389-90 (Tex. App.—Fort Worth 1999, pet. granted) (consideration of similar statements contained in presentence report not error).

In determining whether the first element of the *Strickland* test is satisfied, we decide whether the record establishes that counsel failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88; *Hernandez*, 926 S.W.2d at 55; *Wilkerson v. State*, 726 S.W.2d 542,

548 (Tex. Crim. App. 1986). The defendant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms and that the challenged action was not sound trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. *Strickland*, 466 U.S. at 689; *Ex Parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993); *Stafford,* 813 S.W.2d at 506. We assess the totality of the representation, rather than isolated acts or omissions. *E.g., Wilkerson*, 726 S.W.2d at 548. We presume defense counsel provided reasonable professional assistance and the defendant must present proof to overcome this presumption. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting *Strickland*, 466 U.S. at 689); *Hernandez*, 726 S.W.2d at 55; *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref'd).

Generally, we will not speculate about counsel's trial strategy. *See Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992). In this case, we have no record from which we may discern that strategy. Although appellant complained of ineffective assistance in his motions for new trial, he confined his questioning of trial counsel at the new trial hearing to the issues of trial preparation and advice. Counsel was not asked to explain why he did not object to the presentence reports. Nothing in the record before us reveals counsel's strategy with regard to the omissions appellant now cites to show the ineffectiveness of counsel's representation. On this record, appellant cannot overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial. *See Jackson*, 877 S.W.2d at 771-72; *Bohnet*, 938 S.W.2d at 536; *Oestrick*, 939 S.W.2d at 237-38. *But see Gifford v. State*, 980 S.W.2d 791, 793-94

9

(Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (trial counsel ineffective for failing to object to complainant's father, a former prosecutor, making punishment recommendation).

If trial counsel erred by failing to object, we are not persuaded that the error caused appellant serious harm. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (both *Strickland* prongs apply to claim of ineffectiveness at punishment stage). It would have come as no surprise to the experienced trial judge that the complainant's mother and stepfather had a low opinion of the young man who brutalized their daughter, and that they wanted him severely punished. While appellant had no criminal record and was eligible for deferred adjudication, imprisonment for twelve years does not seem an unusually harsh punishment when the nature of appellant's conduct is considered. Appellant has not demonstrated that there is a reasonable probability that the punishment assessed would have been different but for counsel's error. *See Strickland*, 466 U.S. at 694. Point of error one is overruled.

The judgments of conviction are affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   October 4, 2001

Publish