NO. 07-01-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 26, 2003

_____


WALTER BURTON HAWKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;

NO. 33,578; HONORABLE ALLEN LERNER, JUDGE

_____


Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]


**ON MOTION FOR REHEARING**

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

On December 6, 2002, we abated this appeal and remanded the cause to the trial court on the basis that the judgment underlying the appeal failed to reflect the finality of appellant's convictions for aggravated kidnapping and aggravated assault. By its Motion for Rehearing,[2] the State argues that the judgment in this case contains all of the necessary recitations to meet the requirements enumerated in article 42.01 of the Texas Code of Criminal Procedure. Agreeing, we grant the State's motion for rehearing, withdraw our original opinion, judgment, and mandate, and in lieu, issue the following opinion.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, only a brief recitation of the facts is necessary to a disposition of this appeal. On July 20, 2000, officers were dispatched to a home in Waller County because of a possible shooting. Upon their arrival, they located the victim, Ivan Floyd, who appeared to have gunshot wounds to his mid-section. Through the course of the investigation, officers learned that appellant, along with three other individuals, abducted

---

[2]The pleading was actually entitled "The State's Motion for Rule 49.7 Reconsideration En Banc." In its prayer for relief, however, the State requested that the Court grant its motion for *rehearing*. Moreover, in answer to appellant's response to the motion, the State filed "The State's Reply to Appellee's Response to the Motion for Rehearing." It is clear the State is attempting to avail itself of the procedures under Rule 49.1 of the Texas Rules of Appellate Procedure. Since it is the substance of the motion that governs, not the title, we will treat the State's pleading as a motion for rehearing. Ex parte Caldwell, 58 S.W.3d 127, 130 (Tex.Cr.App. 2000).

the victim in the city of Houston, bound and gagged him, and transported him to Fort Bend County, where they shot him.[3]

Appellant was charged in a two-count indictment with engaging in organized criminal activity in violation of article 71.02 of the Texas Penal Code (Vernon 2003).[4] Specifically, the first paragraph of count one of the indictment alleged that appellant

> with intent to establish, maintain and participate in a combination and in the profits of a combination did then and there conspire and agree with Donald Thompson, Jason Jarrett and Roman Powers to commit the criminal offense of murder, and . . . pursuant to said agreement did then and there perform an overt act, to-wit: shoot Ivan Floyd with a firearm.

In count two's second paragraph, it was alleged that appellant

> with intent to establish, maintain and participate in a combination and in the profits of a combination, did then and there conspire and agree with Donald Thompson, Jason Jarrett and Roman Powers to commit the criminal offense of aggravated kidnapping, and . . . pursuant to said agreement did then and there perform an overt act, to-wit: abduct Ivan Floyd and use and exhibit a deadly weapon, namely, a firearm during said abduction.

Finally, in count two of the indictment, appellant was alleged to have

---

[3]The victim survived the shooting, but was "unavailable" to testify at trial.

[4]Since none of the statutes at issue have changed substantively since the trial on the merits of this case, all citations will reference the current incarnations of those statutes.

commit[ted] the offense of aggravated assault by shooting an individual, Ivan Floyd with a firearm, and said offense was committed with intent to establish, maintain and participate in a combination and in the profits of a combination.[5]

At the conclusion of the State's evidence at trial, the court granted appellant's motion for instructed verdict in part, finding the evidence insufficient to support the submission of a fact issue to the jury concerning the organized criminal activity portions of the indictment. However, the court denied appellant's motion for instructed verdict regarding the lesser included offenses of aggravated kidnapping in count one and aggravated assault in count two.[6] Finding appellant guilty of both offenses, the jury assessed as punishment a ten-year probated sentence for the aggravated kidnapping charge and five years confinement in the Institutional Division of the Texas Department of Criminal Justice for the aggravated assault charge. By this appeal, appellant challenges only the conviction for aggravated assault.

In his first point of error, appellant complains he was subjected to multiple punishments for the same criminal conduct in violation of the Fifth Amendment's prohibition against double jeopardy when the trial court entered judgments of conviction

---

[5]In the original indictment, each count contained two paragraphs. Prior to jury selection, however, the State abandoned the second paragraph of count two.

[6]During the hearing on appellant's motion for instructed verdict, the State abandoned the first paragraph of count one, the charge alleging conspiracy to commit murder as the object offense of engaging in organized criminal activity.

against him for both aggravated kidnapping and aggravated assault. U.S. Const., amend. V.[7]   Specifically, he contends that because the indictment alleged against him but one offense, engaging in organized criminal activity, and the jury found him guilty of the lesser included offense of aggravated kidnapping, double jeopardy barred him from being subject to the additional punishment for aggravated assault.

In support of his contention, appellant relies upon Nguyen v. State, 1 S.W.3d 694 (Tex.Cr.App. 1999).  In *Nguyen*, the Court held that the phrase "collaborate in carrying on criminal activities" from the organized criminal activity statute cannot be understood to include an agreement to jointly commit a single crime.  *Nguyen*, 1 S.W.3d at 697.  In the case at bar, the trial court, following *Nguyen*, determined that the State failed to prove the organized criminal activity portions of the indictment.  However, the trial court concluded that the State had raised fact issues with respect to aggravated kidnapping and aggravated assault sufficient to warrant the submission to the jury of those two offenses as lesser included ones.

In spite of appellant's assertions to the contrary, nothing in the *Nguyen* decision restricted the trial court's decision whether to submit one or more lesser included offenses

---

[7]The Double Jeopardy Clause of the United States Constitution was made applicable to the states through the Fourteenth Amendment in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).   The clause provides, in pertinent part, "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

after finding the State had failed to meet its burden regarding the organized criminal activity elements of the indictment. Therefore, the issue left to resolve under appellant's first point of error is whether double jeopardy barred multiple punishments for aggravated kidnapping and aggravated assault offenses arising out of the same criminal transaction.

The Double Jeopardy Clause of the United States Constitution embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. Cervantes v. State, 815 S.W.2d 569, 572 (Tex.Cr.App. 1991), *cert. denied*, 112 S.Ct. 1213 (1992) (citing Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)). When a defendant is convicted of two or more crimes in a single trial, only the last of these protections is implicated. *See* Ex parte Herron, 790 S.W.2d 623, 624 (Tex.Cr.App. 1990).

A court may impose cumulative punishment in a trial for the violation of two statutes, regardless of whether those two statutes proscribe the "same" conduct under the other two types of double jeopardy prohibitions, if the Legislature so intends. Reina v. State, 940 S.W.2d 770, 775 (Tex.App.–Austin 1997, pet. ref'd)(citing *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, (1983)). Therefore, the double jeopardy guarantee against multiple punishments for the same offense does no more than prevent greater punishment than the Legislature intended. Duvall v. State*, 59 S.W.3d 773, 777

(Tex.App.–Austin 2001, pet. ref'd). If a court determines the Legislature intended to impose cumulative sentences for the same conduct, the court may end its inquiry and impose both sentences. *Reina*, 940 S.W.2d at 775.

When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). One of the elements of aggravated kidnapping is the abduction of another. Tex. Pen. Code Ann. § 20.04(a) & (b) (Vernon 2003). Abduction is not an element of aggravated assault. Tex. Pen. Code Ann. § 22.02 (Vernon 2003). In order to prove the aggravated assault charge in this case, the State was required to prove that appellant caused, or threatened to cause, bodily injury to the victim. Causing, or threatening to cause, bodily injury was not an element of aggravated kidnapping as alleged here. Consequently, the offenses for which appellant was tried and convicted each had a unique element and were not the "same offense" under the *Blockburger* analysis.

Even when two penal statutes have unique elements and are, therefore, not the same under *Blockburger,* other factors may lead to the conclusion that the Legislature did not intend to permit multiple punishments when the same conduct violates both statutes. *Duvall*, 59 S.W.2d at 777 (citing Ervin v. State, 991 S.W.2d 804, 814 (Tex.Cr.App. 1999)). However, none of the relevant factors enumerated in the *Ervin* decision apply to the

7

offenses at issue in this case. Aggravated kidnapping, under the facts of this case, is a first degree felony, while aggravated assault is a second degree. Moreover, the offenses are not contained in the same statute, are not phrased in the alternative, and are not similarly named. Nor, is the gravamen of aggravated kidnapping and aggravated assault the same. Rather, the focus of kidnapping is abduction, while the focus of aggravated assault is injury or the threat of injury. *Duvall*, 59 S.W.2d at 778. Appellant does not assert an imputed theory of liability which would result in the offenses being considered the same under *Blockburger*. Finally, appellant does not provide, nor have we discovered in our independent review, any legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. Thus, we are not persuaded that the Legislature intended to prohibit multiple punishments under the circumstances shown here. Appellant's first point of error is overruled.

Appellant suggests by his second point of error, as we perceive it, that since the first paragraph of count one alleged conspiracy to commit murder as the underlying offense for engaging in organized criminal activity, the offense of aggravated assault was necessarily a lesser included one. Then, because the trial court essentially entered a judgment of acquittal as to that allegation and any of its lesser included offenses when it partially granted appellant's motion for instructed verdict, double jeopardy barred his conviction for aggravated assault under count two of the indictment. We disagree.

8

During the hearing on appellant's motion for instructed verdict, the trial court initially granted the motion in its entirety. The State, however, requested and was granted the opportunity to brief the court on the issues raised by the motion. During the subsequent proceedings, the State, while not joining in appellant's motion, agreed not "to preserve the point for appeal purposes . . . the granting of the Motion for Instructed Verdict as to the engaging in organized criminal activity." With respect to the first paragraph of count one, the State explained, "it's my understanding of the law that conspiracy to commit a crime like murder is not a lesser included [offense] of engaging in organized criminal activity, and so that charge would not be able to go to the Jury." Later in the proceeding, the court announced, "All right, sir. I'm going to adopt the State's position." Taken together, we believe the foregoing statements illustrate an intent by the State to abandon, and an intent by the court to accept the abandonment of, the first allegation included in the indictment.

The only legal consequence of an abandoned allegation is that a criminal defendant cannot in a subsequent trial be prosecuted on the abandoned count. Ex parte Scelles, 511 S.W.2d 300, 301 (Tex.Cr.App. 1974). Since the State abandoned the conspiracy to commit murder allegation prior to its submission to the jury, the trial court's written order partially granting the motion for instructed verdict did not amount to the rendition of an acquittal as to that allegation. As a consequence, double jeopardy did not bar appellant's conviction under count two of the indictment. Appellant's second point of error is overruled.

9

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.