# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00456-CR

**Juan Mora, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 9024098, HONORABLE FRED A. MOORE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of indecency with a child by contact and aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 21.11 (West 2003), § 22.021 (West Supp. 2004). For these offenses, the jury assessed prison terms of ten and twelve years, respectively. In two points of error, appellant contends that these convictions violate the constitutional guarantee against double jeopardy and that his statement to the police should not have been admitted in evidence. We will overrule these contentions and affirm.

In December 2000, appellant was living in an apartment near Rutland Drive in Austin with Adriana G. and her three children. Adriana testified that appellant began living with her in 1998, left for a time, then returned in 1999. After his return, she, appellant, and the children lived in an apartment on Reagan Hill. While in that apartment, her daughters S.C. and F.C. slept in bunk

beds in the living room. They had moved to the Rutland Drive apartment only a few weeks before the incident that gave rise to this prosecution. In the new apartment, the two girls slept on a mat in the living room.

Adriana went to work on the morning of December 16, 2000, leaving appellant and the children alone in the apartment. When she returned that afternoon, appellant was gone and nine-year-old S.C. was visibly upset. S.C.'s five-year-old sister, F.C., told Adriana that appellant had put S.C. in the bed, taken off her clothes, and kissed her on the mouth. S.C. confirmed that this was true, adding that appellant had "touched her parts" and that her "front part hurt." The next morning, S.C. told Adriana that one week earlier, while Adriana was away from the apartment, appellant had "hurt her from the back." Adriana reported what her daughters told her to the police.

S.C. testified that on the day her mother called the police, appellant picked her up from the mat where she was sleeping and carried her into the bedroom. He put her on the bed and removed her clothes. Then, he put "the part that boys pee with" in her "cola" or "bum," a reference to her anus. S.C. was certain that appellant put his "thing" inside her "cola." She said it hurt. When appellant stopped, S.C. noticed that the bed was wet. S.C. testified that appellant had done the same thing to her about twenty times. She said that this conduct began while they were living in the apartment where she slept in a bunk bed.

Dr. Beth Nauert, a pediatrician, examined S.C. on December 20, 2000. Nauert testified that S.C. told her that appellant had touched her vaginal and rectal areas with his fingers about twenty times. Nauert said that S.C. "seemed very clear about the touching. She demonstrated with her hands touching, put her hands in between her legs and also on her bottom." Nauert added,

2

"I was not clear after talking with her about whether or not there had been any contact or penetration by the penis. I was confused by her answers."

### *Double Jeopardy*

The indictment in this cause contained three counts. Count one alleged aggravated sexual assault in four paragraphs, count two alleged indecency with a child by contact in three paragraphs, and count three alleged indecency with a child by exposure in one paragraph. All of these offenses and acts were alleged to have been committed against S.C. on or about December 16, 2000. Only three of the paragraphs were submitted to the jury. The court authorized appellant's conviction for aggravated sexual assault if the jury found that he either penetrated S.C.'s anus with his penis or caused S.C.'s anus to contact his penis (count one, paragraphs one and two). The court authorized appellant's conviction for indecency with a child by contact if the jury found that he touched S.C.'s anus (count two, paragraph two).[1] The jury returned guilty verdicts as to both offenses.

Appellant argues that the only touching of S.C.'s anus shown to have occurred on December 16, 2000, was the touching incident to the penetration or contact of S.C.'s anus by appellant's penis. He therefore contends that his convictions for both aggravated sexual assault and indecency by contact violate the multiple punishments prong of the Double Jeopardy Clause. *See*

---

[1] The court also authorized a conviction for indecency by contact as a lesser included offense of the aggravated sexual assault alleged in count one. Because the jury convicted appellant of the greater offense, this portion of the court's charge did not come into play.

U.S. Const. amends. V, IV; *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); *Patterson v. State*, 96 S.W.3d 427, 432 (Tex. App.—Austin 2002, pet. granted). Because he did not raise the double jeopardy issue at trial, the violation must be clearly apparent on the face of the record. *Duvall v. State*, 59 S.W.3d 773, 776-77 (Tex. App.—Austin 2001, pet. ref'd) (applying *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)).

It is true that S.C. testified to a single act of anal penetration on the night of December 16, 2000. If the only act of sexual contact shown by the evidence was the contact incident to this penetration, we would agree with appellant's double jeopardy claim. But there is other evidence of sexual contact independent of the act of penetration on December 16: (1) Adriana testified that S.C. told her that appellant "hurt her from behind" one week before the December 16 incident; (2) S.C. testified that appellant had put his "thing" in her "cola" twenty times, beginning when they were living in the Reagan Hill apartment; and (3) Dr. Nauert testified that S.C. told her that appellant touched S.C.'s "rectal area" with his fingers twenty times.

Appellant argues that we must limit our consideration of the evidence to the night of December 16 because, in her jury argument, the prosecutor asked the jury to "concentrate" on the events on December 16. But the court's charge, consistent with the indictment, required a finding that the offenses were committed "on or about" December 16, and instructed the jury that it could base its verdict on conduct committed at any time prior to the return of the indictment and within the period of limitations. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Consistent with the charge and the evidence, the jury could find that appellant was guilty of separate acts of penetration and sexual contact. Because it is not clearly apparent from the record that appellant's

4

convictions for aggravated sexual assault and indecency with a child by contact are based on the same conduct, his double jeopardy claim fails. Point of error one is overruled.

### *Statement to Police*

On December 18, 2000, appellant was questioned by Austin Police Officers Todd Gage, who investigated this case, and Scott Ogle, who is fluent in Spanish. The interview was videotaped. Both the tape and a certified transcription and translation were introduced in evidence. During the interview, appellant admitted placing S.C. in bed with him on December 16, having an erection, and touching S.C.'s leg with his penis. He denied ever penetrating S.C.

Appellant contends the videotaped statement should not have been admitted in evidence because he was not shown to have knowingly and voluntarily waived his rights. Among the prerequisites for the admission of a videotaped oral custodial statement is that the suspect be advised of his rights prior to the statement and during the recording. Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(2) (West Supp. 2004). The certified translation of appellant's videotaped interview reflects that, before any statement was made, appellant was advised of his rights by Officer Ogle:

> I'm going to read your rights. You have the right to keep your silence and say absolutely nothing. Any statement you make can be us . . . can be used against you in the cause that is charged. Any statement that you make could be used as evidence against you in court. You have the right to have an attorney present so that he may advise you before they ask you questions and during the time that questions are being asked of you. If you cannot hire an attorney you have the right to have an attorney appointed for him to advise you before they ask you questions. You have the right to finish this interview at any time you wish. Did you understand your rights? I need you to sign here . . . that . . . I read you your rights. It says that I have received my rights that are write . . . wrote on the other side, of this card, I understand them, I want to waive those rights voluntarily and make a statement. Your understand that? I need you to sign here.

5

Both Officer Ogle and Felipe Perez, the licenced court interpreter who prepared the transcription and translation of the videotaped interview, testified that appellant nodded affirmatively when asked if he understood his rights. Also in evidence is the card from which Ogle read appellant his rights. On the front of this card, the rights enumerated in article 38.22, § 2(a) are printed in English and Spanish. *Id*. art. 38.22, § 2(a). On the back of the card, also in English and Spanish, is the statement "I have received and understand the warning on the other side of this card. I agree to waive these Rights and to make a Statement." Below this waiver are appellant's signature, the date and time, and Ogle's signature as witness.

Contrary to appellant's contention, the record clearly reflects that he knowingly and voluntarily waived his rights, both orally and in writing, before making his statement to the police. The record reflects full compliance with article 38.22, section 3(a)(2). Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: July 29, 2004

Do Not Publish