TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00456-CR






Juan Mora, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 9024098, HONORABLE FRED A. MOORE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant guilty of indecency with a child by contact and aggravated
sexual assault of a child. See Tex. Pen. Code Ann. § 21.11 (West 2003), § 22.021 (West Supp.
2004). For these offenses, the jury assessed prison terms of ten and twelve years, respectively. In
two points of error, appellant contends that these convictions violate the constitutional guarantee
against double jeopardy and that his statement to the police should not have been admitted in
evidence. We will overrule these contentions and affirm.

In December 2000, appellant was living in an apartment near Rutland Drive in Austin
with Adriana G. and her three children. Adriana testified that appellant began living with her in
1998, left for a time, then returned in 1999. After his return, she, appellant, and the children lived
in an apartment on Reagan Hill. While in that apartment, her daughters S.C. and F.C. slept in bunk
beds in the living room. They had moved to the Rutland Drive apartment only a few weeks before
the incident that gave rise to this prosecution. In the new apartment, the two girls slept on a mat in
the living room.

Adriana went to work on the morning of December 16, 2000, leaving appellant and
the children alone in the apartment. When she returned that afternoon, appellant was gone and nine-year-old S.C. was visibly upset. S.C.'s five-year-old sister, F.C., told Adriana that appellant had put
S.C. in the bed, taken off her clothes, and kissed her on the mouth. S.C. confirmed that this was true,
adding that appellant had "touched her parts"and that her "front part hurt." The next morning, S.C.
told Adriana that one week earlier, while Adriana was away from the apartment, appellant had "hurt
her from the back." Adriana reported what her daughters told her to the police.

S.C. testified that on the day her mother called the police, appellant picked her up
from the mat where she was sleeping and carried her into the bedroom. He put her on the bed and
removed her clothes. Then, he put "the part that boys pee with" in her "cola" or "bum," a reference
to her anus. S.C. was certain that appellant put his "thing" inside her "cola." She said it hurt. When
appellant stopped, S.C. noticed that the bed was wet. S.C. testified that appellant had done the same
thing to her about twenty times. She said that this conduct began while they were living in the
apartment where she slept in a bunk bed.

Dr. Beth Nauert, a pediatrician, examined S.C. on December 20, 2000. Nauert
testified that S.C. told her that appellant had touched her vaginal and rectal areas with his fingers
about twenty times. Nauert said that S.C. "seemed very clear about the touching. She demonstrated
with her hands touching, put her hands in between her legs and also on her bottom." Nauert added,
"I was not clear after talking with her about whether or not there had been any contact or penetration
by the penis. I was confused by her answers."




Double Jeopardy


The indictment in this cause contained three counts. Count one alleged aggravated
sexual assault in four paragraphs, count two alleged indecency with a child by contact in three
paragraphs, and count three alleged indecency with a child by exposure in one paragraph. All of
these offenses and acts were alleged to have been committed against S.C. on or about December 16,
2000. Only three of the paragraphs were submitted to the jury. The court authorized appellant's
conviction for aggravated sexual assault if the jury found that he either penetrated S.C.'s anus with
his penis or caused S.C.'s anus to contact his penis (count one, paragraphs one and two). The court
authorized appellant's conviction for indecency with a child by contact if the jury found that he
touched S.C.'s anus (count two, paragraph two). (1) The jury returned guilty verdicts as to both
offenses.

Appellant argues that the only touching of S.C.'s anus shown to have occurred on
December 16, 2000, was the touching incident to the penetration or contact of S.C.'s anus by
appellant's penis. He therefore contends that his convictions for both aggravated sexual assault and
indecency by contact violate the multiple punishments prong of the Double Jeopardy Clause. See
U.S. Const. amends. V, IV; Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998); Patterson
v. State, 96 S.W.3d 427, 432 (Tex. App.--Austin 2002, pet. granted). Because he did not raise the
double jeopardy issue at trial, the violation must be clearly apparent on the face of the record. Duvall
v. State, 59 S.W.3d 773, 776-77 (Tex. App.--Austin 2001, pet. ref'd) (applying Gonzalez v. State,
8 S.W.3d 640, 643 (Tex. Crim. App. 2000)).

It is true that S.C. testified to a single act of anal penetration on the night of December
16, 2000. If the only act of sexual contact shown by the evidence was the contact incident to this
penetration, we would agree with appellant's double jeopardy claim. But there is other evidence of
sexual contact independent of the act of penetration on December 16: (1) Adriana testified that S.C.
told her that appellant "hurt her from behind" one week before the December 16 incident; (2) S.C.
testified that appellant had put his "thing" in her "cola" twenty times, beginning when they were
living in the Reagan Hill apartment; and (3) Dr. Nauert testified that S.C. told her that appellant
touched S.C.'s "rectal area" with his fingers twenty times. 

Appellant argues that we must limit our consideration of the evidence to the night of
December 16 because, in her jury argument, the prosecutor asked the jury to "concentrate" on the
events on December 16. But the court's charge, consistent with the indictment, required a finding
that the offenses were committed "on or about" December 16, and instructed the jury that it could
base its verdict on conduct committed at any time prior to the return of the indictment and within the
period of limitations. See Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Consistent
with the charge and the evidence, the jury could find that appellant was guilty of separate acts of
penetration and sexual contact. Because it is not clearly apparent from the record that appellant's
convictions for aggravated sexual assault and indecency with a child by contact are based on the
same conduct, his double jeopardy claim fails. Point of error one is overruled.


Statement to Police


On December 18, 2000, appellant was questioned by Austin Police Officers Todd
Gage, who investigated this case, and Scott Ogle, who is fluent in Spanish. The interview was
videotaped. Both the tape and a certified transcription and translation were introduced in evidence. 
During the interview, appellant admitted placing S.C. in bed with him on December 16, having an
erection, and touching S.C.'s leg with his penis. He denied ever penetrating S.C.

Appellant contends the videotaped statement should not have been admitted in
evidence because he was not shown to have knowingly and voluntarily waived his rights. Among
the prerequisites for the admission of a videotaped oral custodial statement is that the suspect be
advised of his rights prior to the statement and during the recording. Tex. Code Crim. Proc. Ann.
art. 38.22, § 3(a)(2) (West Supp. 2004). The certified translation of appellant's videotaped interview
reflects that, before any statement was made, appellant was advised of his rights by Officer Ogle:


I'm going to read your rights. You have the right to keep your silence and say
absolutely nothing. Any statement you make can be us . . . can be used against you
in the cause that is charged. Any statement that you make could be used as evidence
against you in court. You have the right to have an attorney present so that he may
advise you before they ask you questions and during the time that questions are being
asked of you. If you cannot hire an attorney you have the right to have an attorney
appointed for him to advise you before they ask you questions. You have the right
to finish this interview at any time you wish. Did you understand your rights? I need
you to sign here . . . that . . . I read you your rights. It says that I have received my
rights that are write . . . wrote on the other side, of this card, I understand them, I
want to waive those rights voluntarily and make a statement. Your understand that? 
I need you to sign here.



Both Officer Ogle and Felipe Perez, the licenced court interpreter who prepared the transcription and
translation of the videotaped interview, testified that appellant nodded affirmatively when asked if
he understood his rights. Also in evidence is the card from which Ogle read appellant his rights. On
the front of this card, the rights enumerated in article 38.22, § 2(a) are printed in English and
Spanish. Id. art. 38.22, § 2(a). On the back of the card, also in English and Spanish, is the statement
"I have received and understand the warning on the other side of this card. I agree to waive these
Rights and to make a Statement." Below this waiver are appellant's signature, the date and time, and
Ogle's signature as witness.

Contrary to appellant's contention, the record clearly reflects that he knowingly and
voluntarily waived his rights, both orally and in writing, before making his statement to the police. 
The record reflects full compliance with article 38.22, section 3(a)(2). Point of error two is
overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: July 29, 2004

Do Not Publish
1. The court also authorized a conviction for indecency by contact as a lesser included offense
of the aggravated sexual assault alleged in count one. Because the jury convicted appellant of the
greater offense, this portion of the court's charge did not come into play.