COURT OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-05-450-CR

 

 

KYLE AUSTIN JORDAN                                                         APPELLANT

 

                                                   V.

THE STATE
OF TEXAS                                                                STATE

------------

 

FROM THE 371ST DISTRICT
COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

Appellant Kyle Austin Jordan appeals his sentence
of twenty-five years= confinement for aggravated
assault on a public servant with a deadly weapon. In his sole point, Jordan
contends that he is entitled to a new punishment hearing because the trial
court erred by admitting a presentence investigation report (PSI) at punishment.  Specifically, Jordan argues that the PSI
contained hearsayCa narrative of the alleged
details of his prior criminal recordCin
violation of his Sixth Amendment right to confront and cross-examine
witnesses.  We will affirm.








Jordan entered an open plea of guilty to the
charged offense.  In conjunction
with his open plea, Jordan executed and filed written plea admonishments and
waivers.  Jordan expressly waived Aall
rights given to [him] by law, whether of form, substance, or procedure@ and Athe
right to . . . confrontation, and cross-examination of witnesses.@  Jordan=s
attorney acknowledged that Jordan made the waivers knowingly, intelligently,
and voluntarily.  

Prior to sentencing, the trial court ordered a
PSI.  At Jordan=s
sentencing hearing, the State asked the court to file the PSI in the district
clerk=s file
and take judicial notice of the file=s
contents, which the court did.  Jordan
made no objection to the State=s
requests or to the trial court=s
consideration of these matters at punishment. 
The trial court then sentenced Jordan to twenty-five years=
confinement.  This appeal followed.








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  Preservation of error
is a systemic requirement that this court should review on its own motion.  Martinez v. State, 22 S.W.3d 504, 507
n.7 (Tex. Crim. App. 2000).

Jordan argues that, although he did not object to
the trial court=s admission or consideration of
any portion of the PSI, the trial court=s
admission of the PSI=s hearsay statements violated
his Sixth Amendment Confrontation Clause rights and constituted fundamental,
constitutional error.  The court of
criminal appeals has held that the alleged denial of confrontation rights is
not fundamental error and is thus forfeited by the failure to object at
trial.  See Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990); see also  Duvall v. State, 59 S.W.3d 773, 779 (Tex.
App.CAustin
2001, pet. ref=d) (holding failure to object to
PSI forfeited error).  Accordingly,
we hold that Jordan has forfeited his complaint on appeal.

We overrule Jordan=s sole
point and affirm the trial court=s
judgment.

 

 

SUE WALKER                                                                              JUSTICE  

 

PANEL F: 
DAUPHINOT, HOLMAN and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED: September 28, 2006                   

 

 

 

 











[1]See Tex. R. App. P. 47.4.