Jordan v. State

                        COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-450-CR

KYLE AUSTIN JORDAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kyle Austin Jordan appeals his sentence of twenty-five years’ confinement for aggravated assault on a public servant with a deadly weapon. In his sole point, Jordan contends that he is entitled to a new punishment hearing because the trial court erred by admitting a presentence investigation report (PSI) at punishment.  Specifically, Jordan argues that the PSI contained hearsay—a narrative of the alleged details of his prior criminal record—in violation of his Sixth Amendment right to confront and cross-examine witnesses.  We will affirm.

Jordan entered an open plea of guilty to the charged offense.
  
In conjunction with his open plea, Jordan executed and filed written plea admonishments and waivers.  Jordan expressly waived “all rights given to [him] by law, whether of form, substance, or procedure” and “the right to . . . confrontation, and cross-examination of witnesses.”  Jordan’s attorney acknowledged that Jordan made the waivers knowingly, intelligently, and voluntarily.  

Prior to sentencing, the trial court ordered a PSI.  At Jordan’s sentencing hearing, the State asked the court to file the PSI in the district clerk’s file and take judicial notice of the file’s contents, which the court did.  Jordan made no objection to the State’s requests or to the trial court’s consideration of these matters at punishment.  The trial court then sentenced Jordan to twenty-five years’ confinement.  This appeal followed.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000).

Jordan argues that, although he did not object to the trial court’s admission or consideration of any portion of the PSI, the trial court’s admission of the PSI’s hearsay statements violated his Sixth Amendment Confrontation Clause rights and constituted fundamental, constitutional error.  The court of criminal appeals has held that the alleged denial of confrontation rights is not fundamental error and is thus forfeited by the failure to object at trial.  
See
 
Briggs v. State
, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); 
see also
 
 Duvall v. State
, 59 S.W.3d 773, 779 (Tex. App.—Austin 2001, pet. ref’d) (holding failure to object to PSI forfeited error)
.  
Accordingly, we hold that Jordan has forfeited his complaint on appeal.

We overrule Jordan’s sole point and affirm the trial court’s judgment.

SUE WALKER JUSTICE  

PANEL F:  DAUPHINOT, HOLMAN and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 28, 2006 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.