# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00384-CR

**Dennis Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-05-904180, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Dennis Jackson on all three counts of an indictment alleging that on or about February 1, 2002, he: (1) caused the sexual organ of the complainant, who was younger than fourteen, to contact his mouth, (2) touched the complainant's genitals with the intent to arouse and gratify his sexual desire, and (3) with the same intent, caused the complainant to expose her genitals. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (West Supp. 2006) (aggravated sexual assault of a child), § 21.11(a)(1), (2)(B) (West 2003) (indecency with a child by contact and exposure).[1] In a single point of error, appellant contends that these convictions constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. We affirm the judgments of conviction.

---

[1] For these offenses, the trial court assessed prison terms of thirty-five, twenty-five, and twenty years, respectively.

The Double Jeopardy Clause protects against prosecution for the same offense after a conviction or an acquittal and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); U.S. Const. amend. V. The clause is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). When, as here, a defendant is convicted of two or more crimes in a single trial, only the multiple punishment protection is implicated. *Duvall v. State*, 59 S.W.3d 773, 777 (Tex. App.—Austin 2001, pet. ref'd) (citing *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990)).

The State argues that appellant's point of error is not properly before us because he did not raise his double jeopardy claim in the trial court, a fact appellant concedes in his brief. Because of the fundamental importance of double jeopardy protections, however, a double jeopardy claim may be raised for the first time on appeal when the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate purpose. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Thus, appellant can prevail if, but only if, the alleged violation is clearly apparent on the face of the record.

When the same conduct violates two distinct penal statutes, the offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. State*, 284 U.S. 299, 304 (1932); *Duvall*, 59 S.W.3d at 777. Absent a clear indication of a contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple punishments for offenses that are the same under the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980); *Duvall*, 59 S.W.3d at 777.

2

The complainant testified that in 2002, when she was nine years old, she and her mother and siblings shared a house with the man her mother was seeing, his daughter, and his daughter's boyfriend. Appellant was the boyfriend of the daughter. The complainant testified that on three different occasions within the space of one month, appellant removed her pants and touched her vaginal area with his mouth and tongue. According to the complainant, about one week separated each of these incidents.

If the complainant had testified to only a single sexual assault, and if the only evidence of indecent contact or exposure had been the contact and exposure incident to that sexual assault, a double jeopardy violation would be shown. *See Barnes v. State*, 165 S.W.3d 75, 87-88 (Tex. App.—Austin 2005, no pet.) (holding that convictions for aggravated sexual assault by penetration and by genital-to-genital contact constituted double jeopardy where contact was incident to single act of penetration); *Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex. App.—Austin 2002), *aff'd*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that convictions for aggravated sexual assault, indecency by contact, and indecency by exposure constituted double jeopardy where indecent contact and exposure were not separate acts but incident to sexual assault); *Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.—Austin 1999, pet. ref'd) (holding that convictions for aggravated sexual assault and indecency by contact constituted double jeopardy where contact was not separate act but incident to sexual assault). However, the complainant testified to three separate and distinct sexual assaults, each involving the exposure of her genitals and contact between her genitals and appellant's mouth. Thus, the first assaultive act supports appellant's conviction for aggravated sexual assault of a child by causing the complainant's sexual organ to contact his mouth, the second

3

supports his conviction for indecency with a child by touching the complainant's genitals, and the third supports his conviction for indecency with a child by causing the complainant to expose her genitals. *See Patterson*, 96 S.W.3d at 432 (holding that two separate acts of penetration supported convictions for aggravated sexual assault by penetration and by contact).[2]

Appellant argues that we should not consider the complainant's testimony regarding the three separate assaultive acts because the State tried him on the theory that all three offenses arose out of a single incident. He refers us to the prosecutor's jury argument:

> He put his mouth right on her vagina and that was for his sexual gratification and he was clearly guilty of aggravated sexual assault of a child, as we say in Count 1. If you proceed we'd like you to go ahead and consider each one of these counts whether you reach a guilty or not guilty verdict, as the Judge instructs you. But the evidence is clear on that as it is for the other counts; because Count 2 . . . is simply the contact and it alleges that [appellant] knowingly, intentionally engaged in sexual contacts by touching the genitals of [the complainant], and he clearly did.
>
> . . . Count 3 is the same thing. He made her expose her genitals when he pulled her pants down or skirt and proceed[ed] to perform oral sex on her.

The trial court's charge, consistent with the indictment, required a finding that the offenses were committed "on or about" February 1, 2002, and it instructed the jury that the State was not bound by the date alleged and could prove that the offenses were committed at any time prior

---

[2] The State argues that penal code section 3.03(b)(2)(A) demonstrates a legislative intent to permit multiple punishments for sexual offenses against children even if they are based on the same conduct and are the "same" under the *Blockburger* test. Tex. Penal Code Ann. § 3.03(b)(2)(A) (West Supp. 2006). This argument was considered and rejected in *Patterson v. State*, 152 S.W.3d 88, 91-92 (Tex. Crim. App. 2004). Section 3.03 does not authorize "stop-action" prosecution. *Id.* at 92. A conviction for an offense set out in section 3.03 bars conviction for a lesser included offense based on conduct that is demonstrably part of the commission of the greater offense. *Id.*

4

to the return of the indictment and within the period of limitations. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). Whether or not the prosecutor mistakenly believed that a single act of contact between appellant's mouth and the complainant's genitals could support convictions for all three offenses, the jury, consistent with the charge and evidence, could find that appellant was guilty of separate acts of aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure.

Because it is not clearly apparent from the record that appellant's convictions are based on the same conduct, his double jeopardy claim fails. The point of error is overruled and the judgments of conviction are affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 16, 2007

Do Not Publish