Opinion issued June 4, 2009









 



In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00715-CR






JOHNNY RIVERA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1060814






MEMORANDUM OPINION

 Appellant, Johnny Rivera, pleaded guilty to aggravated kidnapping, (1) without
an agreed recommendation as to punishment. After a presentence investigation, the
trial court assessed punishment at 35 years' confinement. We abated the case for a
hearing on appellant's motion for new trial. See Rivera v. State, No. 01-06-00715-CV
(Tex. App.--Houston [1st Dist.]Jan. 10, 2003, no pet.) (mem. order). In accordance
with our order, the trial court held a hearing on appellant's motion for new trial, then
denied appellant's motion for new trial. We affirm.

INEFFECTIVE ASSISTANCE OF COUNSEL


 After pleading guilty and being sentenced to 35 years' confinement, appellant
filed a motion for new trial alleging ineffective assistance of counsel. Specifically,
appellant claimed his trial counsel was ineffective for "failing to sufficiently
investigate and present evidence in mitigation of punishment, including, but not
limited to, the defendant's low IQ and possible mental retardation[.]" 

 We abated for a hearing on appellant's motion for new trial. At the motion for
new trial hearing, which was conducted by affidavit, appellant presented the
testimony of Dr. Susana Rosin, who concluded that:

 In my opinion, Mr. Rivera meets diagnostic criteria for a diagnosis of
Mild Mental Retardation (DMS IV 317). That is, Mr. Rivera's IQ
scores (Verbal, Performance and Full Scale) fall within the required
range, he shows adaptive behavior deficits in several key areas, and the
records indicate that his disability emerged during the developmental
period and prior to the age of eighteen years. 


 In addition to appellate counsel's affidavit, appellant attached an affidavit from
his trial counsel, in which trial counsel stated as follows:

 At no time did I investigate the possibility that Johnny Rivera suffered
from a low I.Q., learning disability, mental retardation or any other
mental condition or impairment. I did not review his school records. I
did not discuss the possibility with his parents or anyone else that he
might suffer from any mental impairment, nor did I suggest that he be
evaluated by a mental health professional.


 My failure to investigate, evaluate or present such mitigating evidence
was not trial strategy.


 In his sole issue on appeal, appellant contends that his trial counsel was
ineffective for failing to investigate and present such evidence of mental retardation
at the punishment phase of the trial.

Standard of Review

 Criminal defendants are entitled to reasonably effective assistance of counsel. 
See U.S. Const. amend. VI; Tex. Const. art. I, § 10. The right to counsel, however,
does not mean the right to errorless counsel. Robertson v. State, 187 S.W.3d 475, 483
(Tex. Crim. App. 2006). To prove ineffective assistance of counsel, appellant must
show that (1) counsel's performance fell below an objective standard of
reasonableness, and (2) but for counsel's unprofessional error, there is a reasonable
probability that the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159
S.W.3d 98, 102 (Tex. Crim. App. 2005). "Reasonable probability" means a
"probability sufficient to undermine confidence in the outcome." 466 U.S. at 694,
104 S. Ct. at 2068. A failure to make a showing under either prong defeats a claim
for ineffective assistance. Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim.
App. 2003). Allegations of ineffectiveness must be firmly founded in the record. 
Bone v. State, 77 S.W.3d 828, 833 & n. 13 (Tex. Crim. App. 2002). 

Analysis

 Even if we were to conclude that trial counsel was ineffective for failing to
investigate and present mitigating evidence of appellant's mental retardation, we
would nonetheless conclude that appellant has failed to meet prong two of the
Strickland test by showing that, but for counsel's ineffectiveness, the punishment
appellant received would have been different. See Duvall v. State, 59 S.W.3d 773, 
780 (Tex. App.--Austin 2001, pet. ref'd) (holding prong two of Strickland test not
met because no reasonable probability shown that, but for alleged ineffectiveness of
counsel at punishment phase of trial, different punishment would have been
assessed).

 Here, punishment was tried before the trial court. The trial court heard
evidence that appellant participated in a violent crime. Appellant and his codefendant
stole the victim's car, forced her into the backseat, threatened her with a knife, and
attempted to sexually assault her. In mitigation of this evidence, the trial court was
also presented with evidence in the presentence investigation report that appellant
was not a good student, had failed several years in school, and had the maturity level
of a child. It is unlikely that additional mitigating evidence showing that appellant
was also mildly retarded would have changed the trial court's assessment of
punishment.

 Furthermore, in this case, because of our remand for a hearing on appellant's
motion for new trial, the trial court actually heard the evidence regarding appellant's
mental retardation and nevertheless denied the motion. Because the trial court denied
the motion for new trial even after hearing the retardation evidence, we know that,
had the evidence been admitted at the punishment phase of the trial, the punishment
assessed by the trial court would not have been different.

 Appellant argues, however, that had counsel investigated and discovered
appellant's mental retardation, he might have chosen to try punishment before a jury
instead of the judge. However, there is nothing in the record to support this assertion
and we will not speculate as to what counsel might have done had he known about
appellant's mental retardation.

 Appellant has failed to meet prong two of the Strickland test by showing a
reasonable probability that, had trial counsel investigated and presented evidence of
appellant's mental retardation at the punishment hearing, the result would have been
different. Accordingly, we overrule appellant's sole point of error.




CONCLUSION

 We affirm the judgment of the trial court.





 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. §