# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00595-CR

**John Patterson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 007403, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

John Patterson appeals from judgments of conviction for aggravated sexual assault of a child by penetration,[1] aggravated sexual assault of a child by contact,[2] indecency with a child by contact,[3] attempted indecency with a child by contact,[4] and indecency with a child by exposure.[5] Appellant contends

---

[1] Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i) (West Supp. 2002). The jury assessed punishment for this offense at imprisonment for thirty-five years.

[2] Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(iv) (West Supp. 2002). The jury assessed punishment for this offense at imprisonment for twenty years.

[3] Tex. Pen. Code Ann. ' 21.11(a)(1) (West Supp. 2002). The jury assessed punishment for this offense at imprisonment for twenty years.

[4] Tex. Pen Code Ann. '' 15.01(a) (West 1994), 21.11(a)(1) (West Supp. 2002). The jury assessed punishment for this offense at imprisonment for five years.

[5] Tex. Pen. Code Ann. ' 21.11(a)(2)(A) (West Supp. 2002). The jury assessed punishment for this offense at imprisonment for five years.

the district court erred by refusing to require the State to elect between multiple theories of the same offense alleged in the indictment and by submitting each theory to the jury in its charge. He also contends his double jeopardy guarantee against multiple punishments for the same offense was violated, that the erroneous exclusion of evidence prevented him from presenting a meaningful defense, and that the evidence is factually insufficient to sustain the convictions. We will sustain appellant=s double jeopardy claim with respect to the convictions for indecency with a child. We will otherwise overrule appellant=s contentions and affirm the convictions for aggravated sexual assault of a child and attempted indecency with a child.

*Background*

Appellant spent the night of October 10, 2000, in the home of two coworkers, the parents of the complainant (age eleven) and her sister (age ten). Although it had been agreed that appellant would sleep in the spare room, the complainant=s father later found appellant in the girls= bedroom. He told appellant to leave the room and appellant did so. Later, appellant reentered the girls= bedroom and got into bed with the complainant=s sister. The younger girl testified that appellant left the room after she pushed him off the bed.

Appellant returned to the girls= bedroom a third time and got into the complainant=s bed. She testified, AHe started unbuttoning his pants and he grabbed my hand trying to make me touch his private.@ The complainant said that she pulled her hand away and never touched appellant=s penis. Appellant, who was behind the complainant, then pulled down the complainant=s shorts. AHe got his private

**2**

and trying to put it in my butt.@[6]  Asked if she felt appellant=s penis Aon the inside or the outside,@ she answered, AInside.@ The complainant got out of bed and went to the bathroom, where she was joined by her sister.  The complainant told her sister what appellant had done but decided not to report it to her parents.

When the complainant returned to her bed, appellant, who was still there, Astarted doing the same thing over and over.@ Appellant again attempted to force the complainant to touch his penis, then he Astarted putting it in meChis private in me, my butt.@ The prosecutor asked, A[H]ow far inside your butt was his private?@ The complainant replied, AAbout that much,@ but the record does not reflect the gesture that apparently accompanied this answer.  The complainant left her bed again and this time went to her parents= bedroom to report what appellant had done.

The complainant=s sister testified that she saw the sheets moving on the complainant=s bed and heard the complainant tell appellant she needed to go to the bathroom.  She confirmed the complainant=s testimony regarding their conversation in the bathroom.

The indictment was composed of three counts containing a total of five paragraphs.  Count one, paragraph one alleged that appellant penetrated the complainant=s anus with his penis.  Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i) (West Supp. 2002).  Count one, paragraph two alleged that appellant caused the complainant=s anus to contact his penis.  *Id*. ' 22.021(a)(1)(B)(iv).  Count two, paragraph one alleged that

---

[6] The record shows that the complainant used Aprivate@ to refer to appellant=s penis and Abutt@ to refer to her anus.

**3**

appellant touched the complainant=s anus with the intent to arouse or gratify his sexual desire. *Id.* '

21.11(a)(1). Count two, paragraph two alleged that appellant caused the complainant to touch his genitals

with the intent to arouse or gratify his sexual desire. *Id.* Count three alleged that appellant exposed his

genitals in the complainant=s presence with the intent to arouse or gratify his sexual desire. *Id.* '

21.11(a)(2)(A). Each paragraph was submitted to the jury as alleged in the indictment except count two,

paragraph two, which was submitted to the jury as the lesser included offense of attempted indecency with a

child. The jury returned five guilty verdicts which are reflected in five separate judgments of conviction.

### *Double jeopardy*

In issue one, appellant contends his convictions for aggravated sexual assault with a child,

indecency with a child by contact, and indecency with a child by exposure violate the constitutional

guarantee against double jeopardy.[7] U.S. Const. amends. V, XIV; Tex. Const. art. I, ' 14. Appellant

does not separately argue the state and federal constitutional claims or argue that the Texas double jeopardy

clause differs in any significant way from the Fifth Amendment. Therefore, we will consider the issue under

the federal constitution. *See Queen v. State*, 940 S.W.2d 781, 783 (Tex. App.CAustin 1997, pet. ref=d).

The Double Jeopardy Clause protects against a second prosecution for the same offense

following a conviction, a second prosecution for the same offense following an acquittal, and multiple

punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Cervantes v. State*, 815

---

[7] Appellant does not advance a double jeopardy claim with regard to the conviction for attempted indecency with a child.

S.W.2d 569, 572 (Tex. Crim. App. 1991). Appellant relies on the third of these protections. A double jeopardy claim may be raised for the first time on appeal when the double jeopardy violation is clearly apparent on the face of the record. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *Duvall v. State*, 59 S.W.3d 773, 776-77 (Tex. App.CAustin 2001, pet. ref=d).

When the same criminal conduct violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other. **Blockburger v. United States, 284 U.S. 299, 304 (1932). In Texas, an offense is included within another if, among other things, it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 1981). Because our state law Adescribes includedness in much the same way *Blockburger* describes sameness,@greater inclusive and lesser included offenses are the same for double jeopardy purposes. *Parrish v. State*, 869 S.W.2d 352, 354-55 (Tex. Crim. App. 1994).**

**The double jeopardy guarantee against multiple punishments does no more than prevent greater punishment than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992). Absent a clear indication of contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple punishments for two offenses that are the same under the *Blockburger* test. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980).**

**The evidence is legally sufficient to prove that on the night in question appellant**

twice penetrated the complainant=s anus with his penis.[8]  These two acts support appellant=s convictions for aggravated sexual assault of a child by penetrating the complainant=s anus with his penis and by contacting the complainant=s anus with his penis.  Because the two acts were separate and distinct, the two aggravated sexual assault convictions are not based on the same conduct and do not constitute multiple punishments for the same offense.  Appellant does not argue to the contrary, but he does urge that the convictions for indecency with a child by contact and indecency with a child by exposure are based on the same conduct that underlies the two aggravated sexual assault convictions and therefore violate the double jeopardy guarantee against multiple punishments.  We agree.

The only sexual contacts between appellant and the complainant shown by the evidence were the two contacts incident to the penetration of the complainant=s anus by appellant=s penis.  The evidence supports a finding that appellant engaged in these contacts with the intent to gratify his sexual desire.  *See* Tex. Pen. Code Ann. **'** 21.01(2) (West Supp. 2002) (defining Asexual contact@); *see also Cunningham v. State*, 726 S.W.2d 151, 155 (Tex. Crim. App. 1987).  Under the circumstances, the offense of indecency with a child by contact was included within the two aggravated sexual assaults.  *See Ochoa v. State*, 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998).  In the absence of a clear indication that the legislature intended to inflict

---

[8] Because appellant challenges only the factual sufficiency of the evidence, he effectively concedes that the evidence is legally sufficient to sustain the convictions.  *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (factual sufficiency review begins with presumption that evidence is legally sufficient).

multiple punishments, appellant=s conviction for indecency with a child by contact based on the same conduct for which he was convicted of aggravated sexual assault constitutes multiple punishment for the same offense in violation of the Fifth Amendment. *Id*. at 908.

Similarly, the evidence shows that appellant exposed his penis in the complainant=s presence only twice, as he attempted to cause her to touch his penis and then penetrated her anus with his penis.[9] On this record, the offense of indecency with a child by exposure was incident to and included within the aggravated sexual assaults. *See Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.CAustin 1999, pet. ref=d, untimely filed). In the absence of a clear indication of legislative intent to inflict multiple punishments, appellant=s conviction for indecency with a child by exposure based on the same conduct for which he was convicted of aggravated sexual assault constitutes impermissible multiple punishment for the same offense. *Id*.

When a defendant is convicted of two offenses in violation of the double jeopardy guarantee, the proper remedy is to set aside the conviction for the offense carrying the less serious punishment. *Landers v. State*, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997). Therefore,

---

[9] The State argues that appellant=s second attempt to force the complainant to touch his penis supports the conviction for indecency with a child by exposure because A[t]hat act [the attempted touching] was distinct from the anal penetration that also occurred.@ The issue, however, is not whether appellant=s attempt to force the complainant to touch him and the anal penetration were separate acts, but whether the exposure incident to the anal penetration was conduct distinct from the exposure incident to the attempted touching. It was not.

**we will reverse appellant=s convictions for indecency with a child by contact and indecency with a child by exposure.**

*Election and charge issues*

In issue two, appellant urges that the district court erred by refusing to require the State to elect between paragraphs one and two of count one, and between paragraphs one and two of count two. In issue three, he makes the related argument that the court=s charge erroneously authorized appellant=s conviction under both paragraphs of each count. Because we have determined that appellant=s conviction for indecency with a child by contact must be set aside on double jeopardy grounds, these contentions are moot as they relate to count two and we will confine our discussion to count one.

Appellant did not move for an election until the jury charge conference. *See Gutierrez v. State*, 8 S.W.3d 739, 748 (Tex. App.CAustin 1999, no pet.) (election motion at charge conference is untimely). The only harm appellant asserts from the denial of the motion is that the jury charge authorized his conviction under both paragraphs of a single count. Therefore, we will consider appellant=s arguments under both issues as they relate to his contention that the jury charge was erroneous.

When multiple offenses are committed during a single criminal episode, they may be joined in a single indictment with each offense alleged in a separate count. Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 1989). In such cases, the State is not required to elect between counts and each count may be submitted to the jury. *Thacker v. State*, 999 S.W.2d 56, 63 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d). A count may contain as many separate paragraphs as necessary. Tex. Code Crim. Proc. Ann. art. 21.24(b) (West 1989). Appellant=s arguments are premised on the assumption that a multi-paragraph

**8**

count alleges a single offense, with each paragraph merely alleging an alternate manner of committing the offense in order to meet possible variations in the proof. Thus, appellant contends the district court should have authorized his conviction for aggravated sexual assault of a child under either paragraph one or paragraph two of count one, but not both.

It is true that, as a general rule, a Acount@ is used to charge the offense itself and a Aparagraph@ is that portion of a count which alleges the method of committing the offense. *Renfro v. State*, 827 S.W.2d 532, 535 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d); *see also Aguirre v. State*, 732 S.W.2d 320, 325 (Tex. Crim. App. 1987). However, the substance of the allegation determines its character as a Acount@ or a Aparagraph,@ not the terminology used. *Dalton v. State*, 898 S.W.2d 424, 426 (Tex. App.CFort Worth 1995, pet. ref=d).

Those who commit multiple discrete assaults against the same victim are liable for separate prosecution and punishment for every instance of such criminal misconduct. *Gutierrez*, 8 S.W.3d at 747 (quoting *Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992)). In her testimony, the complainant described two separate and distinct criminal assaults, one committed before she left her bed and went to the bathroom and the other committed after she returned to her bed from the bathroom. In both of these assaults, appellant contacted and penetrated the complainant=s anus with his penis. Under the circumstances, the district court did not err by treating the two aggravated sexual assault Aparagraphs@ as Acounts@ alleging two discrete offenses and authorizing appellant=s conviction for both. Issues two and three do not present error.

*Exclusion of defensive evidence*

**9**

In issues four, five, and six, appellant contends the district court erred by excluding evidence that semen was found on a comforter taken from the girls= bedroom and that DNA testing determined the semen did not come from appellant. Appellant=s defense was that he had been wrongly accused by the complainant, who had either fabricated her entire story or blamed appellant for the actions of someone else. Appellant urges that the semen was evidence that, if a sexual assault took place, he was not the assailant. He asserts that the court=s ruling denied him the opportunity to present a meaningful defense. We review the court=s decision for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh=g).

The record reflects that the comforter was found by the police in the laundry room of the house. Although it was agreed that the comforter came from the girls= bedroom, it was not known whether it had been on the complainant=s bed at the time of the assaults. The age of the stain was also unknown. There was no evidence that the man who assaulted the complainant had ejaculated. Although appellant had been excluded as the source of the semen, no further effort had been made to identify the source. The court ruled that the relevance of the evidence was outweighed by the danger of unfair prejudice and confusion Asince it cannot be determined when the semen was placed there, by whom it was placed, whenCeven on whose blanket it was placed, whether it was even on the alleged victim=s bed . . . . [A]t this point I don=t believe that the probative value outweighs the prejudicial effect, and especially in light of Rule 412 which specifically addresses this type of evidence.@ *See* Tex. R. Evid. 403, 412.

AAlternative perpetrator@ evidence presents special problems when weighing probative value against rule 403 counterfactors. *Wiley v. State*, 74 S.W.3d 399, 406 (Tex. Crim. App. 2002).

**10**

> Although a defendant obviously has a right to attempt to establish his innocence by showing that someone else committed the crime, he still must show that his proffered evidence regarding the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the alleged Aalternative perpetrator.@

*Id*. Appellant argues that *Wiley* is satisfied here because DNA test results are particularly reliable. This argument confuses reliability with relevance. A nexus between the crime and the alleged alternative perpetrator is necessary to establish the relevance of the evidence, not to prove its reliability.

In the absence of any evidence tending to show that the semen stain on the comforter was left by the complainant=s assailant, there was no nexus between the proffered evidence and the assaults. Absent such a nexus, the semen stain and the test results showing that appellant was not the source did not exculpate appellant or support a conclusion that the assaults were committed by someone else. Under the circumstances, the district court did not abuse its discretion by concluding that the probative value of the evidence was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. No error is shown by issues four, five, and six.

### *Factual sufficiency*

Finally, appellant contends the evidence is factually insufficient to sustain his convictions. When conducting a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *See Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously

**11**

weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Appellant points to evidence that the complainant disliked him. Appellant and the complainant=s family had briefly shared a residence, and there was testimony that appellant had angered the complainant by disciplining her on more than one occasion. The defense also called witnesses who testified that the complainant was not truthful. In fact, the complainant=s parents conceded during cross-examination that the girl was sometimes untruthful. The doctor who examined the complainant two weeks after the assaults found no evidence to confirm or refute the girl=s allegations.

Appellant also asserts that the police officer who first interviewed the complainant Atainted@ the witness and thus all of her subsequent statements. But while there was evidence that the officer had no training in interviewing children and that he omitted facts from his written offense report, appellant points to no evidence supporting his assertion that the officer caused the complainant to falsely accuse appellant of sexual assault.

AThe authority . . . to disagree with the fact finder=s determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice. Otherwise, due deference must be accorded the fact finder=s determinations, particularly those determinations concerning the weight and credibility of the evidence.@ *Id*. at 9. Having reviewed all the evidence before us, we find no manifest injustice in the jury=s verdicts convicting appellant of aggravated sexual assault of a child and attempted indecency with a child by contact. Issue seven=s challenge to the factual sufficiency of the evidence is without merit.

*Conclusion*

The judgments of conviction for indecency with a child by contact and indecency with a child by exposure are reversed and those causes are dismissed. The judgments of conviction for aggravated sexual assault of a child by penetration, aggravated sexual assault of a child by contact, and attempted indecency with a child by contact are affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed:   September 12, 2002

Publish