IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-117-03





JOHN PATTERSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Hervey, J., filed a concurring opinion in which Keasler, J., joined.



CONCURRING OPINION 



 I do not agree with the assertion in the majority opinion that this is not a double jeopardy
case. This is a "multiple punishments for the same offense in a single proceeding" double jeopardy
case in which the same act or conduct violates separate statutory provisions. See Missouri v. Hunter,
459 U.S. 359, 368-69 (1983); Whalen v. United States, 445 U.S. 684, 688-93 (1980). When the
same act or conduct violates separate statutory provisions, the double jeopardy clause does not
prohibit a legislature from authorizing multiple punishments in a single proceeding for these separate
statutory offenses even when they are the "same" for double jeopardy purposes. (1) The dispositive
issue is not whether these separate statutory offenses are the "same" but whether the legislature has
authorized multiple punishments for them. See Whalen, 445 U.S. at 688 ("question whether
punishments imposed by a court after a defendant's conviction upon criminal charges are
unconstitutionally multiple cannot be resolved without determining what punishments the
Legislative Branch has authorized"). (2)

 Determining whether separate statutory offenses committed by the same act or conduct are
the "same" under Blockburger is merely an aid in deciding whether the legislature has authorized
multiple punishments for these offenses. See Whalen, 445 U.S. at 688-93 and at 711 (Rehnquist, J.,
dissenting) (Blockburger test is simply an attempt to determine legislative intent). If these separate
statutory offenses are the "same" under Blockburger, then multiple punishments may not be imposed
in a single proceeding for these "same" offenses unless the legislature has clearly and specially
provided for multiple punishments. See Whalen, 445 U.S. at 692-93. If, however, these separate
statutory offenses are not the "same" under Blockburger, then it is generally presumed that the
legislature intends to permit multiple punishments for them. See id. ("courts have long adhered to
the rule that Congress did intend to permit consecutive sentences . . . when each offense 'requires
proof of a fact which the other does not'").

 In Hunter, 459 U.S. at 368-69, the Court stated:

 Our analysis and reasoning in Whalen and [citation omitted] lead inescapably to the
conclusion that simply because two criminal statutes may be construed to proscribe
the same conduct under the Blockburger test does not mean that the Double Jeopardy
Clause precludes the imposition, in a single trial, of cumulative punishments pursuant
to those statutes. The rule of statutory construction noted in Whalen is not a
constitutional rule requiring courts to negate clearly expressed legislative intent. 
Thus far, we have utilized that rule only to limit a federal court's power to impose
convictions and punishments when the will of Congress is not clear. Here, the
Missouri Legislature has made its intent crystal clear. Legislatures, not courts,
prescribe the scope of punishments. [Footnote omitted]


 Where, as here, a legislature specifically authorizes cumulative punishment under
two statutes, regardless of whether those two statutes proscribe the "same" conduct
under Blockburger, a court's task of statutory construction is at an end and the
prosecutor may seek and the trial court or jury may impose cumulative punishment
under such statutes in a single trial.

 

 I would decide that the indecency by exposure offense and the aggravated sexual assault
offenses are the "same" under our traditional approach for determining "sameness" for double
jeopardy purposes. See Parrish, 869 S.W.2d at 354 (state law describes "includedness in much the
same way Blockburger describes sameness"). Under this approach, the Court could decide that these
offenses are the "same" because the former was included within the proof necessary to establish the
latter. (3) See Broussard v. State, 642 S.W.2d 171, 173 (Tex.Cr.App. 1982) (issue is "whether or not
the State, in each case, when presenting its case to prove the offense charged, also includes the lesser
included offense").

 Concluding that these offenses are the "same" merely begins the analysis. See Whalen, 445
U.S. at 688-93. (4) The issue remains whether the legislature has clearly and specially authorized
multiple punishments for these "same" offenses that appellant committed against the eleven-year-old
victim. See id.

 The opinion of the Court of Appeals did not address § 3.03 (b)(2)(A), Tex.Pen.Code, which
provides:

 (b) If the accused is found guilty of more than one offense arising out of the same
criminal episode,[ (5)] the sentences may run concurrently or consecutively if each
sentence is for a conviction of:


 (2) an offense:


 (A) under Section 21.11, 22.011, 22.021, 25.02, or 43.25[ (6)] committed
against a victim younger than 17 years of age at the time of the
commission of the offense regardless of whether the accused is
convicted of violations of the same section more than once or is
convicted of violations of more than one section . . . .

 

 This statute does not clearly or specially authorize multiple punishments in cases like this. 
See Whalen, 445 U.S. at 691, 693-94 (deciding that the particular statute in that case did not authorize
multiple punishments for two offenses arising out of same criminal transaction). With these
comments, I concur only in the Court's judgment.


 Hervey, J.


Filed: November 10, 2004

Publish


1. See, e.g., Blockburger v. United States, 284 U.S. 299, 304 (1932) (where same act or
transaction violates separate statutory provisions, the test to be applied to determine whether they
are the "same" is "whether each provision requires proof of a fact which the other does not");
Parrish v. State, 869 S.W.2d 352, 354 (1994) (state law describes "includedness in much the same
way Blockburger describes sameness"); see also Hunter, 459 U.S. at 368-69 (legislatures may
authorize multiple punishments in a single proceeding for "same conduct" under Blockburger);
Whalen, 445 U.S. at 701 (Rehnquist, J., dissenting) ("Congress could, if it so desired, authorize
cumulative punishments for violation of two separate statutes, whether or not those statutes defined
'separate offenses' in some abstract sense").
2. This analysis, of course, would not apply when different acts or conduct violate separate
statutory provisions even when these different acts or conduct occur during the same criminal
episode or transaction. 
3. And, this is what the Court of Appeals essentially decided. See Patterson, 96 S.W.3d at 432-33 (indecency by exposure offense was included within the aggravated sexual assault offenses). 
4. The Court of Appeals did not consider the "sameness" question to be dispositive either. See
Patterson v. State, 96 S.W.3d 427, 432 (Tex.App.-Austin 2002) (absent clear indication of contrary
legislative intent, it is presumed that legislature did not intend to authorize multiple punishments for
two offenses that are the same under Blockburger) and at 433 (in absence of a clear indication of
legislative intent to inflict multiple punishments, appellant's conviction for indecency with a child
by exposure based on the same conduct for which he was convicted of aggravated sexual assault
constitutes impermissible multiple punishments for the same offense).
5. Appellant was found guilty of more than one offense (indecency by exposure and aggravated
sexual assault) arising out of the same criminal episode even though these offenses might be
considered the "same" under Blockburger.
6. See § 21.11(a)(2)(A), Tex.Pen.Code, (indecency with a child); § 22.021(a)(1)(B)(I),
Tex.Pen.Code, (aggravated sexual assault).