IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0117-03






JOHN PATTERSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 

 Johnson, J., delivered the opinion of the Court in which Meyers, Price,
Womack, Holcomb, and Cochran, JJ., joined. Keller, P.J., concurs in result. Hervey,
J., filed a concurring opinion in which Keasler, J., joined.


O P I N I O N 



 Appellant was charged with various sexual offenses in a three-count indictment comprising
five paragraphs. Count one, paragraph one, alleged aggravated sexual assault of a child by causing
penetration of the victim's anus by appellant's sexual organ (Tex. Pen. Code § 22.021(a)(1)(B)(i));
paragraph two alleged indecency with a child by contact by touching the victim's anus with
appellant's penis (Tex. Pen. Code § 22.021(a)(1)(B)(iv)). Count two, paragraph one, alleged
aggravated sexual assault of a child by causing the victim's anus to contact appellant's sexual organ,
(Tex. Pen. Code §22.021(a)(1)(B)(iv)); paragraph two alleged indecency with a child by contact by
causing the victim to touch the appellant's genitals (Tex. Pen. Code §21.11(a)(1)). Count three
alleged indecency with a child by exposing his genitals knowing child was present. (Tex. Pen. Code
§21.11(a)(2)(A)). All of the charges arose from two incidents involving the eleven-year-old daughter
of appellant's co-workers during a single night. All charges were submitted to the jury as charged
except the indecency with a child by contact (the victim touching appellant's penis), which was
submitted as an attempt. (Tex. Pen. Code § 15.01(a)). The jury convicted on all paragraphs and
assessed terms of imprisonment ranging from five to thirty-five years for each of the offenses.

 The court of appeals affirmed the judgments of conviction for aggravated sexual assault of
a child by penetration, aggravated sexual assault of a child by contact, and attempted indecency with
a child by contact, but reversed the judgments of conviction for indecency with a child by contact
and indecency with a child by exposure, holding that those convictions violated the constitutional
guarantee against double jeopardy. Patterson v. State, 96 S.W.3d 427, 431 (Tex. App.--Austin
2002). Both the state and appellant petitioned this Court for discretionary review. We refused
appellant's petition and granted the state's petition.

Where a defendant is convicted of the offense of indecency with a child by exposure
and also of the offense of aggravated sexual assault of a child, is the indecency
conviction barred by double jeopardy if that exposure occurred prior to the
aggravated sexual assault and during the defendant's unsuccessful attempt to commit
a third offense that, if completed, would not have been jeopardy barred?


We conclude that the court of appeals reached the correct result, and we therefore affirm. (1)



Facts

 After drinking in a bar with co-workers to celebrate the co-workers' wedding anniversary,
appellant spent the night at their home. Appellant was supposed to sleep in the co-workers' spare
room, along with his live-in girlfriend's young son, who was already sleeping there. However, at
some point during the night, appellant went to the room where his co-workers' two young daughters,
aged 10 and 11, were sleeping. After attempting to get into bed with the younger daughter, who
pushed him off the bed, appellant climbed into bed with the eleven-year-old. According to the
victim's testimony at trial, appellant sexually assaulted her on two separate occasions during the
night.

 The victim testified that appellant got into bed with her, lay behind her, unbuttoned his pants,
grasped her hand, and tried unsuccessfully to make her touch his "private." When she pulled her
hand away, the victim testified, he pushed his "private" inside her "butt." After a short time, the
victim got up and went to the bathroom. The second occurrence was essentially identical to the first.
The victim testified that she returned to the bed, and that appellant again tried to force her to put her
hand on his "private" and, failing once again, he put his "private" inside her "butt" a second time.

 After the second episode, the victim got up to go to the bathroom again, and this time,
accompanied by her younger sister, she went to her parents' room. The victim woke the parents and
told them what had happened. The victim's father went downstairs to call the police, while the
mother had the girls retrieve their bedclothes from the bedroom, then took them downstairs to await
the arrival of the police. Appellant was arrested in the spare room.

The Decision of the Court of Appeals

 On appeal, appellant argued that the convictions for aggravated sexual assault, indecency
with a child by contact, and indecency with a child by exposure violated the constitutional
prohibition against multiple punishments for the same offense. The court of appeals found that the
evidence was legally sufficient to prove that appellant twice penetrated the complainant's anus with
his penis and that he tried to cause the victim to touch his penis. It therefore affirmed the two
convictions for aggravated sexual assault of a child (by penetration and by contact) and the
conviction for attempted indecency by contact. Patterson v. State, supra. However, the court of
appeals held that the other sexual contacts between the appellant and the complainant were incident
to the penetrations, and therefore the second indecency by contact offense and the exposure were
included within the aggravated sexual assaults. Believing that the legislature has not indicated an
intent to inflict multiple punishments for the same conduct, the court of appeals reversed appellant's
convictions for indecency with a child by contact and indecency with a child by exposure. Id. at 433.

 In its petition for discretionary review to this Court, the state challenges only the reversal of
the conviction for indecency with a child by exposure. The state argues that the prohibition against
double jeopardy does not negate a clearly expressed legislative intent to impose multiple
punishments. The state also argues that the exposure committed during appellant's unsuccessful
attempt to get the victim to touch his penis was distinct from the exposure incident to the aggravated
sexual assault. Reasoning that the attempted sexual contact, had it been successful, would have been
an offense distinct from the aggravated sexual assault, the state argues that the exposure preceding
the attempted sexual contact must also be distinct from the exposure preceding the assault. However, 
that argument must fail, because a single continuing exposure, even in conjunction with other
simultaneous offenses, remains a single exposure.

Analysis

 While the state sets out its ground for appeal as a question of double jeopardy, we do not find
it necessary to address the constitutional issue, as the case can be resolved on the basis of statutory
construction.

 "Sexual contact" is defined as "except as provided by Section 21.11, any touching of the
anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the
sexual desire of any person." Tex. Penal Code, § 21.01(2). Section 21.11, Indecency with a Child,
which includes the offense of indecency by exposure, defines "sexual contact" as

the following acts, if committed with the intent to arouse or gratify the sexual desire
of any person:

 (1) any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child; or

 (2) any touching of any part of the body of a child, including touching
through clothing, with the anus, breast, or any part of the genitals of
a person.


Tex. Penal Code, § 21.11(c).


 Section 3.01 of the Penal Code defines "criminal episode." 

 In this chapter, "criminal episode" means the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon more
than one person or item of property, under the following circumstances:

 (1) the offenses are committed pursuant to the same transaction or pursuant
to two or more transactions that are connected or constitute a common
scheme or plan; or

 (2) the offenses are the repeated commission of the same or similar offenses.

 In section 3.03 of the Penal Code, the legislature determined that multiple offenses arising
from the same criminal episode and tried in a single criminal action shall, in general, be punished
with concurrent sentences, but it also determined that there should be two exceptions to this general
rule: intoxication manslaughter, and sexual offenses committed against children. For those offenses,
the legislature permitted consecutive sentences.

If the accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run concurrently or consecutively if each
sentence is for a conviction of:

 (1) [intoxication manslaughter] or

 (2) an offense:

 (A) under Section 21.11 [indecency with a child by exposure and
contact], 22.011 [sexual assault], 22.021 [aggravated sexual assault],
25.02 [prohibited sexual contact], or 43.25 [sexual performance by a
child] against a victim younger that 17 years of age at the time of the
commission of the offense regardless of whether the accused is
convicted of violation of the same section more than once or is
convicted of violations of more than one section; or

 (B) [same provisions apply to plea bargains].


Tex. Penal Code § 3.03(b).

 By its plain language, this provision indicates an intention by the legislature to both permit
consecutive sentencing and exempt these enumerated offenses from the consequences of the
definition of "criminal episode" found in section 3.01; for these offenses only, repeated commission
of the same offense or violations of multiple subsections within a single section and tried in a single
criminal action may be punished by consecutive sentences.

 It is clear that sexual exploitation of children is of great concern to the legislature. The
offenses enumerated by the legislature cover a range of deviant sexual conduct, beginning with
exposure and continuing though sexual contact to penetration and including incest and child
prostitution. The scheme encompasses escalation of abuse; no matter where in the range the
perpetrator stops, the offense is complete at that point. That is not to say that every offense in the
range can in all cases be prosecuted as a separate offense. While it is clear from the plain language
of the various statutes that the legislature intended harsh penalties for sexual abuse of children, there
is nothing in the language to suggest that it intended to authorize "stop-action" prosecution. Just as
a conviction for a completed offense bars prosecution for an attempt to commit the same offense,
a conviction for an offense set out in § 3.03 bars conviction for conduct that, on the facts of the case,
is demonstrably part of the commission of the greater offense. For example, indecency by genital
exposure of oneself in the course of manual penetration of another are separate offenses, while penile
contact with mouth, genitals, or anus in the course of penile penetration will be subsumed. (2) Thus,
indecency by exposure may or may not be a part of sexual assault or indecency by contact, depending
on the facts of the case.

 In this case, there were two essentially identical assaults, separated by a short period of time. 
On both occasions, appellant exposed his genitals and penetrated the complainant's anus. The 
assault in count II was alleged as aggravated sexual assault of a child by causing contact between
appellant's genitals and complainant's anus. The assault in count I was alleged as aggravated sexual
assault of a child by penetration of complainant's anus by appellant's genitals, with a separate
paragraph alleging indecency with a child by contact by touching the complainant's anus with
appellant's genitals. The court of appeals affirmed the two convictions for aggravated sexual assault,
then correctly found that penetration required contact and reversed that conviction. The state does
not challenge that ruling. The record in this case does not show an occasion during the assaults when
the exposure was a separate offense. Under the facts of these incidents, exposure was incident to and
subsumed by the aggravated sexual assault.

 While we disagree with some of its reasoning, we find, based on the provisions of § 3.03, 
that the court of appeals did not err in its conclusions, given the facts of this case as established at
trial. We affirm the judgment of the court of appeals.

 Johnson, J.

Date delivered: November 10, 2004

En banc

Publish
1. The state has not appealed the decision of the court of appeals as to the indecency with a child by contact.
2. We do not address whether sexual performance by a child and incest are available as separate offenses
when the alleged conduct falls within the proscriptions for both conduct and relationship.