# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00411-CR

### Matthew E. Anderson, Appellant

### v.

### The State of Texas, Appellee

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2008-186, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Matthew E. Anderson guilty of five counts of sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009). Appellant's punishment for these offenses was assessed at life imprisonment after the jury found that he had a previous conviction for a substantially similar offense in another state. *See id*. § 12.42(c)(2)(A)(i), (B)(v). The jury also found appellant guilty of two counts of indecency with a child by contact. *See id*. § 21.11(a)(1). The State did not seek to enhance the punishments for these offenses pursuant to section 12.42(c)(2), and the jury assessed punishment for each at twenty years' imprisonment and a $10,000 fine. In two points of error, appellant contends that the State failed to prove venue and that the Double Jeopardy Clause was violated. We overrule these contentions and affirm the convictions.

The complainant met appellant in June 2005 at the church the complainant attended with his family in New Braunfels. The complainant was fifteen years old at the time; appellant was twenty-eight. Appellant, who claimed to have a theological education and to have served as a youth minister, befriended the complainant and his family, and he began to meet the complainant regularly for Bible study. These meetings became more and more frequent over the next several months. At appellant's urging, the complainant stopped associating with his school friends. Appellant bought the complainant clothing and other gifts.

In the fall of 2005, appellant began initiating physical contact with the complainant, first holding hands, then hugging and kissing, then massages. In December 2005, appellant and the complainant began to shower together in appellant's Comal County residences.[1] During these showers, which the complainant estimated happened eight or nine times, appellant and the complainant touched each other's genitals and appellant penetrated the complainant's anus with his finger. The complainant also testified that he and appellant engaged in oral sex two or three times in December 2005 and January 2006. On each occasion, appellant put his penis in the complainant's mouth, and the complainant put his penis in appellant's mouth. The complainant initially testified that these mutual acts of oral sex "could have happened more than two times," but that he specifically remembered two occasions: one at appellant's residence in New Braunfels and one at Santa's Ranch, where appellant was employed.[2] The complainant later modified his testimony,

---

[1] During the course of the relationship, appellant moved from a house in New Braunfels to a house near Canyon Lake. Both residences were shown to be in Comal County.

[2] Another witness testified that Santa's Ranch was a "drive-through Christmas light park" open during November and December.

2

saying that he believed that the oral sexual activity happened twice at appellant's residence and once at Santa's Ranch.

The jury found that appellant sexually assaulted the complainant by penetrating the complainant's mouth with his sexual organ or by causing the complainant's mouth to contact his sexual organ on or about December 31, 2005 (count one, paragraphs one and two) and January 31, 2006 (count two, paragraphs one and two); by causing the complainant's sexual organ to contact or penetrate appellant's mouth on or about December 31, 2005 (count three, paragraphs one and two) and January 31, 2006 (count four, paragraphs one and two); and by penetrating the complainant's anus with his finger on or about December 31, 2005 (count five). *See* Tex. Penal Code Ann. § 22.011(a)(2)(A), (B), (C), (E).[3] The jury found that appellant engaged in indecent sexual contact by touching the complainant's genitals with his hand on or about December 31, 2005 (count six) and by causing the complainant to touch his genitals on or about January 31, 2006 (count seven). *See id*. § 21.11(a)(1), (c).

In his first point of error, appellant contends that the State failed to prove that Comal County was the proper venue for prosecuting the offenses alleged in counts one and three. Based on the assumption that the sexual assaults alleged in these counts took place at Santa's Ranch, appellant contends that the State failed to prove that venue was proper because there is no evidence that Santa's Ranch was located in Comal County. *See* Tex. Code Crim. Proc. Ann. art. 13.15 (West

---

[3] Appellant objected to the disjunctive submission of counts one through four, that is, to allowing the jurors to convict him for sexual assault if they found that he contacted *or* penetrated the complainant's mouth with his penis and that he caused the complainant's penis to contact *or* penetrate appellant's mouth, on the ground that it denied him his right to a unanimous jury verdict. Appellant does not bring this contention forward on appeal, and we express no opinion on the matter.

3

2005) (venue for sexual assault). The complainant testified that Santa's Ranch was located on the highway between New Braunfels and Austin, in what he believed was Ellis County. A New Braunfels police officer testified that she was unsure if Santa's Ranch was located in Comal County. A defense witness testified that Santa's Ranch was "up there near San Marcos." No witness expressly testified that Santa's Ranch was in Comal County.

By assuming that the sexual assaults alleged in counts one and three must have occurred at Santa's Ranch, appellant ignores the complainant's testimony that he "believe[d]" that the oral sex acts happened twice at appellant's New Braunfels residence. Viewing the complainant's testimony in the light most favorable to the verdict, the trier of fact could rationally find by a preponderance of the evidence that the sexual assaults alleged in counts one and three took place at appellant's residence on or about December 31, 2005, and that the sexual assaults alleged in counts two and four took place at appellant's residence on or about January 31, 2006. *See id*. art. 13.17 (venue need only be proved by preponderance of evidence); *see also Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (discussing significance of "on or about" language in indictment).

Even if there had been no evidence that the assaults alleged in counts one and three occurred in Comal County, reversible error would not be presented. Venue is neither jurisdictional nor an element of the offense, and the failure to prove proper venue does not negate the defendant's guilt. *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd). The State's failure to prove proper venue is a non-constitutional error that must be disregarded unless it affected a substantial right. *Id*. at 683; *see* Tex. R. App. P. 44.2(b). Appellant makes no argument that he

was harmed by the State's alleged failure to prove that Comal County was the proper venue, and we find no basis for concluding that he was. It is clear from the record that appellant had full notice of the unlawful acts he was accused of committing. Appellant's defense was that the alleged conduct did not happen. The location of the sexual assaults alleged in counts one and three was irrelevant to this defense. There is no evidence that the State gained any advantage or that appellant suffered any disadvantage because counts one and three were tried in Comal County. Point of error one is overruled.

In his second point of error, appellant contends that the acts of indecency alleged in counts six and seven were based on the same conduct underlying the sexual assaults alleged in the other counts and thus were lesser included offenses of the assaults. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) (reaffirming that indecency with child is lesser included offense of sexual assault of child when both offenses predicated on same act). Appellant urges that under the circumstances, his convictions for both sexual assault and indecency with a child by contact constitute double jeopardy. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (stating that Double Jeopardy Clause protects against multiple punishments for same offense).

As applied to count six, appellant's argument fails on its face. Count six alleged that appellant touched the complainant's genitals with his hand. None of the sexual assault counts alleged contact between appellant's hand and the complainant's genitals. Plainly, the offense alleged in count six was not included within any of the sexual assaults alleged in counts one through five. *See Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (describing proper lesser-included-offense analysis).

5

Count seven alleged that appellant caused the complainant to touch appellant's genitals, but did not specify the manner of touching. If the evidence had shown that the only touching of appellant's genitals by the complainant was incident to the sexual assaults alleged in counts one and two, appellant's double jeopardy complaint would have merit. *See Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex. App.—Austin 2002), *aff'd*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *Hutchins v. State*, 92 S.W.2d 629, 632-33 (Tex. App.—Austin 1999, pet. ref'd). But the complainant testified that he and appellant showered together eight or nine times, and that during these showers they touched each other's genitals. This touching was entirely separate from the mouth-to-penis contact alleged in counts one and two.

Appellant's convictions under counts six and seven were not based on the same conduct underlying his convictions under counts one through five. The record does not support appellant's claim that he has been punished twice for the same offense. Point of error two is overruled.

The judgments of conviction are affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: July 1, 2010

Do Not Publish

6