# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00535-CR

**Marcel Nwagwu, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-07-904098, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Marcel Nwagwu guilty of indecency with a child by contact, for which it assessed a twenty-year prison term, and indecency with a child by exposure, for which it assessed a ten-year prison term. In two points of error, appellant contends that it is apparent on the face of the record that he has been subjected to double jeopardy. The State concedes the error. We will therefore reverse the conviction for indecency by exposure and order that count dismissed.

Appellant shared an apartment with the ten-year-old complainant and her mother, appellant's girlfriend. On or about March 1, 2006, while the complainant's mother was absent, appellant called the complainant into the living room. The complainant testified that when she entered the room, appellant was standing about four steps away from her with his penis exposed. Appellant seized the complainant's arm and forced her to touch his penis.

Count one of the indictment alleged that on or about March 1, 2006, with the intent to arouse and gratify his sexual desire, appellant engaged in sexual contact with the complainant, a child younger than seventeen, by causing her to touch his genitals. *See* Tex. Penal Code Ann. § 21.11(a)(1), (c)(2) (West Supp. 2009). Count two alleged that on or about the same date and with the same intent, appellant exposed his genitals to the complainant knowing that she was present. *See id*. § 21.11(a)(2)(A). Appellant contends that on the evidence in this record, his convictions on both counts violate the double jeopardy guarantee against multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (holding that Double Jeopardy Clause protects against second prosecution for same offense following conviction or acquittal, and against multiple punishments for same offense).

In *Patterson v. State*, the defendant was convicted of aggravated sexual assault by penetration, aggravated sexual assault by contact, and indecency with a child by exposure. 96 S.W.3d 427, 429-30 (Tex. App.—Austin 2002), *aff'd*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). The evidence showed that the defendant exposed his penis in the complainant's presence only twice, when he contacted her and when he penetrated her. 96 S.W.3d at 432. We held that on those facts, the indecency by exposure was incident to and included within the sexual assaults, and that the defendant's convictions for both the sexual assaults and the indecency by exposure constituted multiple punishments for the same offense. *Id*. at 433. In affirming our judgment in *Patterson*, the court of criminal appeals held that the legislature did not intend to authorize "stop-action" prosecutions. 152 S.W.3d at 92. The court observed that, depending on the facts of the case, the exposure of a defendant's penis may be a part of and subsumed within a sexual assault or indecency by contact offense. *Id*. At least two other courts of appeals have held, on facts similar

to ours, that convictions for both indecency by contact and indecency by exposure constituted multiple punishments for the same offense. *See Alberts v. State*, 302 S.W.3d 495, 502-03 (Tex. App.—Texarkana 2009, no pet.); *Gonzalez Soto v. State*, 267 S.W.3d 327, 343-45 (Tex. App.—Corpus Christi 2008, no pet.).

We agree with appellant that under the facts shown, the exposure of his penis to the complainant was a part of and subsumed within the sexual contact, and his convictions for both offenses violate the Double Jeopardy Clause. Because the double jeopardy violation is apparent on the face of the record, appellant may raise this issue for the first time on appeal. *See Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Gonzalez v. State*, 8 S.W.3d 640, 643-45 (Tex. Crim. App. 2000). The proper remedy is to set aside the conviction for indecency by exposure, the less serious offense. *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

We affirm the judgment of conviction on count one for indecency with a child by contact. We reverse the judgment of conviction on count two for indecency with a child by exposure and dismiss the prosecution on that count.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Reversed and Dismissed in part

Filed:  October 21, 2010

Do Not Publish