# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00436-CR

**Jose Alejo, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. D-1-DC-09-301896, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Alejo guilty of four counts of aggravated sexual assault of a child, two counts of indecency with a child by contact, and four counts of indecency with a child by exposure. The jury assessed prison terms of seventy-five years for two of the sexual assault counts, sixty years for the other two sexual assault counts, twenty years for the indecency by contact counts, and ten years for the indecency by exposure counts.

Appellant contends that the trial court erred by admitting the testimony of an outcry witness and a physician who examined the complainant. We overrule these contentions. Appellant also contends that his convictions on all ten counts violate the Double Jeopardy Clause. We sustain this contention. Accordingly, we will affirm the judgments of conviction for two counts of aggravated sexual assault and reverse the remaining judgments.

The complainant, who was sixteen years old at the time of the trial, is appellant's niece. The events forming the basis of this prosecution took place in 2000, when appellant lived with the complainant and her family, and the complainant was seven years old.

The complainant testified that one afternoon after school, when she and appellant were alone in the house, appellant called her into his bedroom and took off his pants. He instructed her to lie on his bed, and he began to touch her legs and breasts. She said, "I was getting freaked out and then somehow his—I guess he took his boxers off and then when he took his boxers off, he was like still kept touching me and everything." She continued, "He went down and he took my shorts off and I had underwear. And after that, he kept on touching me more the same way he was before." Appellant then took off her underwear, touched her "a little bit longer," and penetrated the complainant's vagina with his penis.

The complainant testified that a similar incident happened about one week later. Appellant called her to his bedroom, shut the door, took off his shirt and pants, and told her to lie on the bed. He then took off the complainant's pants and began to touch her thighs and back. The complainant described what happened next: "He takes his boxers off. After that, he takes my underwear off. So, at that point I have my shirt on, he is completely naked, and my underwear off and my shorts as well. And he just kept on touching me, and then his penis goes inside of my vagina again."

The indictment alleged that on or about September 1 and 15, 2000, appellant penetrated the complainant's sexual organ with his sexual organ (counts one and three), caused the complainant's sexual organ to contact his sexual organ (counts two and four), touched the

complainant's genitals (counts five and six), exposed his genitals in the complainant's presence (counts seven and nine), and caused the complainant to expose her genitals (counts eight and ten). *See* Tex. Penal Code Ann. §§ 21.11(a)(1), (2); 22.021(a)(1)(B)(i), (iii) (West 2011). Appellant was convicted on all counts.

In issue three, appellant contends that the genital contact, touching, and exposure alleged in counts two, four, and five through ten were incident to and subsumed within the acts of penetration alleged in counts one and three. He urges that his convictions on all ten counts subject him to multiple punishments for the same offense in violation of the Double Jeopardy Clause. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (holding that double jeopardy principles protect against second prosecution for same offense following conviction or acquittal and against multiple punishments for same offense). Appellant acknowledges that he did not object to the alleged double jeopardy violations in the trial court, but he argues that this does not foreclose his raising the issue on appeal because the violations are apparent on the face of the record. *See Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Gonzalez v. State*, 8 S.W.3d 640, 643-45 (Tex. Crim. App. 2000).

Appellant relies on the opinions in *Patterson v. State*, 96 S.W.3d 427 (Tex. App.—Austin 2002), *aff'd*, 152 S.W.3d 88 (Tex. Crim. App. 2004). In *Patterson*, the evidence showed that the defendant twice penetrated the complainant's anus with his penis. 96 S.W.3d at 432. Based on this conduct alone, the defendant was convicted of aggravated sexual assault by penetrating the child's anus with his penis, aggravated sexual assault by contacting the child's anus with his penis, indecency with a child by touching the child's anus, and indecency with a child by exposing

3

the defendant's genitals. *Id.* at 431-32. This Court affirmed the defendant's convictions for aggravated sexual assault, holding that the two acts of penetration supported the convictions for penetrating and contacting the complainant's anus with his penis. *Id.* at 432. We reversed the defendant's convictions for indecency with a child, however, because the only exposure of the defendant's genitals and the only touching of the child's anus shown by the evidence were incident to the penetrations. *Id.* On those facts, the acts of indecency were included within the sexual assaults, and the convictions for both aggravated sexual assault and indecency with a child constituted double jeopardy. *Id.* at 432-33. The court of criminal appeals affirmed this holding, stating that the legislature did not authorize "stop-action" prosecutions. 152 S.W.3d at 92. The court held that the touching and exposure had been subsumed within the penetrations of which they were an inherent part. *Id.*

The State concedes that there is no evidence of contact between appellant's sexual organ and the complainant's sexual organ other than the contact that was inherent in the acts of penetration alleged in counts one and three. We agree and hold that appellant's convictions for sexual assault by penetration and sexual assault by genital-to-genital contact constitute multiple punishments for the same offense. *See Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no pet.). The State also concedes that the only touching of the complainant's genitals by appellant described in the testimony was the touching incident to and subsumed within the acts of penetration. We again agree and hold that appellant's convictions for both touching and penetrating the complainant's sexual organ based solely on the acts of penetration constitute a double jeopardy violation. *See Patterson*, 96 S.W.3d at 432.

4

Finally, the State concedes that there is no evidence that appellant exposed his genitals or caused the complainant to expose her genitals other than as an incident to the acts of penetration. Although this is a closer question, we again agree based on our opinion in *Hutchins v. State*, 992 S.W.2d 629 (Tex. App.—Austin 1999, pet. ref'd). In that case, the complainant testified that the defendant entered her room, removed her clothes and his own, and began to touch her between the legs. *Id*. at 631. She said that the defendant touched her sexual organ with his fingers and then with his sexual organ, and that it hurt. *Id*. We held that the defendant's convictions for aggravated sexual assault by penetration and indecency with a child by exposure constituted multiple punishments for the same offense because the only exposure proved was included within the penetration of the complainant's sexual organ by the defendant's penis. *Id*. at 632. The complainant's testimony in the present case is substantially similar to the testimony in *Hutchins*. We conclude that the only acts of exposure proven were incident to the penetrations alleged in counts one and three, and thus the convictions for both the penetrations and the exposures constitute impermissible multiple punishments.

Issue three is sustained. The proper remedy for the double jeopardy violations is to set aside the convictions on counts two and four for sexual assault by genital-to-genital contact, the convictions on counts five and six for indecency with a child by contact, and the convictions on counts seven through ten for indecency with a child by exposure. *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

In issue two, appellant contends that the trial court erroneously admitted outcry testimony. The complainant testified that she told no one about appellant's abusive conduct until

5

she was sixteen years old, when she confided in her sister, Maricela, who is ten years her senior. Over objection, Maricela testified that the complainant told her that appellant had twice raped her when she was seven years old.

Maricela's testimony was admitted pursuant to code of criminal procedure article 38.072, which creates an exception to the hearsay rule in prosecutions for sexual offenses committed against children younger than fourteen years of age. Tex. Code Crim. Proc. Ann. art. 38.072, § 1 (West Supp. 2010). To be admissible under the statute, the out-of-court statement must describe the alleged offense, must have been made by the child against whom the offense was allegedly committed, and must have been made to the first person eighteen years of age or older (other than the defendant) to whom the child made an outcry. *Id*. § 2(a). The statute also requires notice to the adverse party and a finding by the trial court, at a hearing outside the jury's presence, that the statement is reliable. *Id*. § 2(b). Finally, the child must be available to testify. *Id*.

Appellant argues that article 38.072 was inapplicable in this case because the complainant was sixteen years old when she made her outcry to her sister. The State responds that while the outcry statement must describe an offense committed when the child was younger than fourteen, the statute does not require that the outcry statement be made when the child is younger than fourteen.

The proper construction of article 38.072 with respect to the complainant's age at the time of the offense and the outcry was thoroughly discussed in *Harvey v. State*, 123 S.W.3d 623 (Tex. App.—Texarkana 2003, pet. ref'd). The court concluded that for article 38.072 to apply, the offense must have been committed against a child twelve years of age or younger, and the outcry

6

statement must have been made while the complainant was still a child—that is, before his or her eighteenth birthday.[1]  This Court reached a similar conclusion in an unpublished opinion. *See Manuel v. State*, No. 03-96-00185-CR, 1997 Tex. App. LEXIS 3298 (Tex. App.—Austin June 26, 1997, pet. ref'd).  In that case, the offense was committed while the complainant was twelve years old, but her outcry statement was made after she turned thirteen. *Id*. at \*7.  We held that no error was presented because the statute did not require that the outcry statement be made before the victim's thirteenth birthday. *Id*.

We are persuaded by the opinion in *Harvey*.  The outcry statement in the present case related to offenses committed when the complainant was younger than fourteen.  Although the complainant was sixteen years old when she made her outcry, she was still a child; that is, she was younger than eighteen years of age.  Therefore, article 38.072 was applicable.

Appellant also complains that the trial court did not conduct the required reliability hearing before admitting the outcry testimony.  The record reflects, however, that the reliability of the outcry statement was considered by the trial court outside the jury's presence just before testimony began.  Appellant argued that the statement was not reliable because it described events that had happened seven years before the outcry was made, but he did not ask to question either the complainant or the outcry witness on this point.  After considering appellant's argument, the court

---

[1]  At the time, article 38.072 applied to statements describing offenses committed against a child twelve years of age or younger.  The age limit was raised by the legislature in 2009.  Act of May 27, 2009, 81st Leg., R.S., ch. 710, § 1, 2009 Tex. Gen. Laws 1780.  The amendment applies to all prosecutions commenced after September 1, 2009. *Id*. ch. 710, § 3, at 1781.

7

overruled his objection. This bench hearing was sufficient to satisfy the statute. *See Zarco v. State*, 210 S.W.3d 816, 831 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Issue two is overruled.

Appellant's remaining contention is that the trial court erred by admitting the testimony of Dr. Beth Nauert, a pediatrician with expertise in child abuse cases, who examined the complainant after she made her outcry. Appellant argues that Nauert's testimony was irrelevant and did not help the jury to understand the evidence or determine a fact in issue. *See* Tex. R. Evid. 401, 702.

Nauert's testimony was relatively brief. After relating her training and experience, Nauert explained that her examination of a child who is thought to be a victim of sexual abuse has three parts: the interview of the child, or history; the physical examination; and laboratory testing, if needed. Next, she described the female sexual organ and penetration. Then, with specific reference to this case, Nauert testified that the complainant had been referred to her by the police. Nauert said that the complainant provided a history involving two acts of vaginal penetration by a penis in 2000, but the doctor did not give any further details and she did not testify that the complainant had named appellant as her abuser. Nauert testified that the complainant's physical examination was normal, that is, there was no evidence of penetration, which was understandable given the passage of time. Finally, Nauert testified that the bleeding and discharges that the complainant said she experienced shortly after the assaults were consistent with penetration.

Appellant asserts that by testifying that the complainant's normal physical examination was consistent with the history of alleged sexual abuse, Nauert was endorsing the complainant's credibility despite the absence of any medical evidence of abuse. But Nauert also

8

agreed with defense counsel that her physical examination of the complainant was consistent with a history of no sexual abuse. In fact, Nauert repeatedly stated, during questioning by both the prosecutor and defense counsel, that her physical examination of the complainant neither confirmed nor refuted the allegations of abuse. Appellant's contention that Nauert was permitted to testify that the complainant was credible is without merit.

Although Nauert was unable to medically confirm or refute the allegations of abuse in this case, we do not believe that the trial court abused its discretion by allowing her to testify as she did. Issue one is overruled.

The judgments of conviction on counts one and three for aggravated sexual assault of a child are affirmed. We overrule the judgments of conviction on counts two and four for aggravated sexual assault of a child, on counts five and six for indecency with a child by contact, and on counts seven, eight, nine, and ten for indecency with a child by exposure, and we order these counts dismissed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed in Part; Reversed and Dismissed in Part

Filed: August 19, 2011

Do Not Publish

9