NUMBER 13-05-432-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GARY NORMAN COOPER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 

On appeal from the 26th District Court 

of Williamson County, Texas

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela 


Memorandum Opinion by Justice Vela


 

 A jury convicted appellant, Gary Norman Cooper, of four counts of indecency with
a child by contact (Counts I-IV) and one count of indecency with a child by exposure
(Count V). For Counts I-IV, the jury assessed five years' confinement. For Count V, the
jury assessed ten years' confinement with a recommendation to probate. The trial court
entered a judgment based upon the jury's verdict. By issue one, appellant contends his
conviction and sentence for the offense of indecency with a child by exposure violated the
Double Jeopardy Clause of the United States Constitution. (1) By issue two, he argues the
trial court erred by overruling his objection to comments made by the State during its
closing argument at the guilt-innocence phase. We affirm.

I. Background

 The victims, R.H. and A.H., lived with their parents, Stephen and Celina H., in Cedar
Park, Texas. Stephen and Celina separated, and Celina and the two children moved in
with Celina's mother and father, the appellant. Divorce proceedings initiated by Celina and
Stephen became increasingly difficult. Each parent contacted CPS on multiple occasions
alleging incidents of physical abuse by the other parent against their children.

 In mid-October 2001, A.H. outcried to Celina that appellant had exposed and
touched his genital areas in her presence. A.H. stated that after coming downstairs with
a blanket for appellant, he was lying naked on the couch and A.H. saw "white stuff" coming
out of his penis. On the same occasion as A.H.'s outcry, R.H. also outcried to Celina. R.H.
stated, "Pop-pops had touched her potty." Celina did not notify CPS or the police about
these allegations concerning appellant.

 On December 24, 2002, A.H. approached her father, Stephen, and stated that
appellant had exposed himself to her, asked her to touch his private area, told her to pull
down her underwear, and then touched her private area. After A.H.'s outcry, Stephen
contacted CPS about the alleged incident committed by appellant. Following the first
phone call, Stephen then questioned his other daughter, R.H., at which time she stated
that appellant had also touched her. R.H. claimed that on multiple occasions, appellant
had put his hand down her pants and touched her private area. Stephen called CPS to
report R.H.'s statement and then called the police at CPS' instruction.

 Celina, Stephen, R.H., and A.H. all testified to the outcries and incidents at
appellant's trial. Specifically, R.H. reiterated her outcries to her parents that appellant had
put his hand down her pants and rubbed around her private area on several different
occasions. R.H. further testified that CPS questioned her about the incidents between her
and appellant after her father presented the allegations to CPS. A.H. also testified at trial
that appellant exposed his private areas, touched himself, and then touched the outside
of her private area.

II. Double Jeopardy

 By issue one, appellant contends his convictions and punishments for indecency
with a child by contact and indecency with a child by exposure, Counts I and V
respectively, violated the Double Jeopardy Clause, which prohibits multiple punishments
for the same offense. The State argues that even if the convictions and punishments at
issue constituted a double jeopardy violation, appellant nevertheless failed to preserve this
complaint for appellate review. 

 We note that defense counsel did not make a double jeopardy objection during trial. 
Although counsel failed to raise any double jeopardy objection before the trial court, an
appellant may raise a double jeopardy claim for the first time on appeal if (1) the
undisputed facts show the double jeopardy violation is clearly apparent on the face of the
record, and (2) enforcement of the usual rules of procedural default serves no legitimate
state interests. Langs v. State, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006) (citing
Gonzalez v. State, 8 S.W.3d 640, 642-43 (Tex. Crim. App. 2000)). Assuming, without
deciding, that appellant did not have to object in order to preserve his double jeopardy
complaint for appellate review, we find no double jeopardy violation.

 The Fifth Amendment of the United States Constitution provides: "[N]or shall any
person be subject for the same offence to be twice put in jeopardy of life or limb." U.S.
Const. amend. V. In a similar provision, the Texas Constitution provides: "No person, for
the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be
again put upon trial for the same offense, after a verdict of not guilty in a court of
competent jurisdiction." Tex. Const. art. I, § 14. Among other things, these clauses
generally protect a person against multiple punishments for the "same" offense. Ex parte
Cavazos, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). When the same conduct violates
two distinct penal statutes, the offenses are the same for double jeopardy purposes if one
of the offenses contains all the elements of the other; they are not the same if each offense
has a unique element. Blockburger v. United States, 284 U.S. 299, 304 (1932); Duvall v.
State, 59 S.W.3d 773, 777 (Tex. App.Austin 2001, pet. ref'd).

 A person can commit the offense of indecency with a child either by contact or
exposure. A person commits the offense of indecency with a child by exposure if, with a
child younger than seventeen years and not the person's spouse, the person exposes the
person's anus or any part of the person's genitals, knowing the child is present, with the
intent to arouse or gratify the sexual desire of any person. See Tex. Penal Code Ann. §
21.11(a)(2) (Vernon 2003); Allen v. State, 180 S.W.3d 260, 264 (Tex. App.Fort Worth
2005, no pet.). A person commits the offense of indecency with a child by contact if he
engages in sexual contact with a child younger than seventeen years and not the person's
spouse. See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003). "Sexual contact" is
defined to include any touching of the breast or any part of the genitals of another person
with intent to arouse or gratify the sexual desire of any person. See Tex. Penal Code Ann.
§ 21.01(2) (Vernon Supp. 2006). Because each offense has a unique element, they are
not the same for jeopardy purposes. See Blockburger, 284 U.S. at 304; Duvall, 59 S.W.3d
at 777. 

 In order to prevail on a double jeopardy claim, the evidence must show that the two
offenses at issue necessarily arose from "one act which could be subject to two different
interpretations." Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). In this
case, there was evidence of more than one act. The evidence supporting appellant's
convictions for indecency with a child by contact and indecency with a child by exposure,
Counts I and V respectively, showed that appellant and A.H. were in the living room of the
home where A.H. lived. Appellant began to take his clothes off, until he was completely
naked. A.H. saw his private parts. Then, appellant asked A.H. to pull down her
underwear. A.H. pulled down her underwear, and appellant touched her vagina. Thus,
appellant committed two separate and distinct violations of section 21.11 of the Texas
Penal Code. By exposing his genitals to A.H., he committed the offense of indecency with
a child by exposure. Then, by touching her vagina, he committed indecency with a child
by contact.

 We hold, therefore, that the convictions and punishments for indecency with a child
by contact and indecency with a child by exposure, Counts I and V respectively, did not
violate the Double Jeopardy Clause. See Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim.
App. 1999) (multiple convictions for sexual offenses that involve separate and distinct acts
do not violate the Double Jeopardy Clause, even if they arise under same statute). Issue
one is overruled.

III. Improper Jury Argument

 By issue two, appellant argues the trial court erred in overruling his objection to the
State's closing argument to the jury during the guilt-innocence phase. The complained-of
remarks are as follows:

 The children always spoke with CPS. And we didn't hear any evidence from
CPS, didn't get any CPS records, and Mr. Morris [defense counsel] put out
there that CPS had probably been out there and talked with the children
about ten times, and I would say that's probably about right. We have a
decent idea. But guess what every single one of those allegations were
except for one? Physical abuse by one parent alleging physical abuse by
the other, back and forth and back and forth like a ping-pong ball. You show
up on the weekend with bruises. You show up with your hair too short. You
show up with a scratch on your arm. And it went back and forth. And every
single one of those was unfounded except for one allegation, and the one
allegation that was reason to believe something happened that CPS
investigated was sexual abuse by this man.

(emphasis added). The trial court overruled defense counsel's objection to these remarks.

 The State and appellant agree that no evidence or testimony presented at trial
clearly stated a final determination from the investigation conducted by the Child Protective
Services concerning the offense alleged against appellant. Appellant alleges the argument
injected new and harmful facts into the case. The State contends, however, that the
comments fit into one or more of the permissible categories of jury argument: summation
of the evidence; reasonable deduction from the evidence; and/or an answer to the
arguments of opposing counsel. The State further contends that even if this Court
determines that the trial court erred by overruling appellant's objection to the argument, the
error did not affect appellant's substantial rights and is therefore harmless.

1. Standards of Review and Applicable Law

 The applicable standard of review in determining the existence of an improper jury
argument is well established and contains four areas of proper jury arguments. Gonzalez
v. State, 115 S.W.3d 278, 284 (Tex. App.Corpus Christi 2003, pet. ref'd). Both parties
have correctly cited these permissible areas as consisting of: (1) a reasonable deduction
from the evidence; (2) a summation of the evidence; (3) answer to an argument of
opposing counsel; and (4) a plea for law enforcement. Id.

 A prosecutor may draw reasonable, fair, and legitimate inferences from the facts in
the evidence. Moreno v. State, 1 S.W.3d 846, 856 (Tex. App.Corpus Christi 1999, pet.
ref'd). The State may not use its closing argument to get evidence before the jury which
is outside the record and prejudicial to the accused. Borjan v. State, 787 S.W.2d 53, 57
(Tex. Crim. App. 1990). "[R]eference to facts that are neither in evidence, nor inferrable
from the evidence is improper." Id.; Moreno,1 S.W.3d at 855. To determine whether a
prosecutor made an improper jury argument, we examine the argument in the light of the
entire record, not in isolation. Lewis v. State, 191 S.W.3d 335, 339 (Tex. App.Waco
2006, pet. ref'd). 

2. Analysis 

 When viewed in the light of the entire record, the State's comments do not constitute
an improper jury argument that resulted in harm to appellant. Multiple places in the record
show appellant's references and assertions that A.H. and R.H.'s parents had contacted
CPS and caused their children to lie. Furthermore, appellant explicitly stated that all
reports made to CPS were unfounded and therefore false. The State's "reason to believe"
statement was a response to appellant's argument that the allegations made against him
were false. A critical part of the State's entire case involved the assertion that this report
to CPS was different from the previous ones because the evidence proves its validity. The
State was not basing its entire argument on a possible finding by CPS of indecency with
a child. Instead, the State offered support for this contention through their admitted
evidence and testimony. Therefore, the State's remarks qualify as a permissible answer
to argument of opposing counsel. See McFarland v. State, 989 S.W.2d 749, 751 (Tex.
Crim. App. 1999). 

 The evidence offered at trial also leads to a fair and reasonable deduction that
appellant committed the relevant offenses against A.H and R.H. While appellant claimed
that this was just another false allegation made by one of the parents to gain custody of
the children, the evidence demonstrated that this situation is unique. In this case, both
parents claim and believe that the incidents occurred. Therefore, it would seem
reasonable to deduce that this claim to the CPS was different from the rest, and there was
reason to believe that it contained validity. The argument that CPS had reason to believe
that this allegation against appellant was true constitutes a reasonable deduction from the
evidence. See Rocha v. State, 16 S.W.3d 1, 21 (Tex. Crim. App. 2000). Furthermore, the
closing statements at issue in this appeal represent a summation of evidence. In its
closing, the State sums up statements made by and agreed to by both parties through the
entire trial: that CPS had been notified and conducted more than ten investigations with
A.H. and R.H. 

 An error exists when there are facts not supported by the record that are stated in
the argument, but such error is not reversible unless in light of the record, the argument is
extreme or manifestly improper. Guidry v. State, 9 S.W.3d 133,154 (Tex. Crim. App.
1999). The State's argument is not extreme or manifestly improper because it is a
reasonable deduction from the evidence to believe that appellant is guilty of the charges
against him. Additionally, the argument also answers the opposing counsel's statements
that these allegations made to the CPS were false. Since the State's closing argument fits
into several of the well-established permissible areas, the trial court did not err by
overruling appellant's objection.

 Even though the record does not show a CPS finding on these allegations against
appellant, the court's instruction to the jury was prompt and sufficient to cure any error that
may have resulted. Glauser v. State, 66 S.W.3d 307, 321 (Tex. App.Houston [1st Dist.]
2000, pet. ref'd). Testimony during the trial informed the jury that CPS had been contacted
to address the charges against appellant and that they questioned both A.H and R.H. 
Additionally, testimony from the witnesses at trial illustrated how the parents were informed
if CPS made a finding on an allegation. Therefore, the trial court's instruction and order
for the jury to recall and rely only on the evidence presented would cure any error that may
have resulted from an improper jury argument. Issue two is overruled.

 The trial court's judgment is affirmed. 

 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 12th_day of July, 2007.
1. See U.S. Const. amend. V.